UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2005 FEB -2  P 12: 03

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | | |
|---|---|---|
| THE MASHANTUCKET PEQUOT TRIBE | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1828 (JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND REDICAN, JR. | ) | |
| | ) | FEBRUARY 1, 2005 |
| Defendant | ) | |

PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO STRIKE JURY DEMAND

Plaintiff, The Mashantucket Pequot Tribe (hereinafter "MAPT") submits this memorandum in support of its Motion to Strike the Demand for a Jury Trial belatedly filed by Raymond J. Redican, Jr. (hereinafter "Redican") on July 7, 2003.

On October 17, 2002, MAPT filed its Complaint against Redican setting forth seven causes of action, all based upon Redican's use of FOXWOODS and/or FOXWOOD in domain names registered by Redican and further activities on the website FOXWOOD.COM causing confusion and injuring the good will of MAPT in the trademark FOXWOODS for its resort and casino, and for various other services and goods.

On January 2, 2003 Redican filed his original answer to the Complaint in which he set forth a series of admissions and denials with respect to the individual paragraphs of the Complaint. He set forth no counterclaim, and the pleadings were thus closed.

1

On January 24, 2003, Redican filed a document entitled "Answer: Amended Response To Complaint" which basically articulated what he considered to be defenses to the Complaint. He did not request permission of the Court, or consent from MAPT counsel, to do so.

On July 1, 2003, Redican's *pro se* counsel, Stephen P. McNamara, filed Defendant's First Amended Answer and Affirmative Defenses in which the admissions and denials were made to the allegations of the Complaint and a series of special defenses as asserted. No permission of the Court to do so was requested nor was the consent of MAPT counsel requested.

On July 7, 2003, Redican's counsel filed a Jury Demand.

Copies of the several answers are attached as Exhibit A1-A3, and the Jury Demand as Exhibit B.

Redican did not assert any counterclaims and MAPT did not file any amended complaint. Thus, the only pleadings are the Complaint and the original answer and, arguably, the subsequent versions of Redican's answer.

Rule 38 is clear:

(b)    **Demand**. Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

* * * *

(d)  **Waiver**.  The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury.  A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

Although MAPT did not object to the filing of the first and second amended answers, they did not provide a new ten (10) day period in which to claim a trial by jury.  To have such an automatic revival would defeat the explicit language of Rule 38 and provide an easy route for belated filing of jury demands.

Moreover, neither the first nor the second amended answers raises any new issues.  The first amended answer merely expands upon the bases for denial of the allegation of the complaint.  Similarly, the second amended answer raises no new issues and merely asserts special defenses which are effectively the bases for denial of allegations of the Complaint, and most of these are equitable in character.

Inadvertent And Unintended
Failure Is Not An Excuse

Redican has demonstrated his ability to access and comprehend the Rules of Civil Procedure and case law as evidenced by his filings including the Motion to Dismiss.  However, even if he did not have that ability, inadvertence or lack of intent to waive a jury trial does not constitute an excuse.  This is clearly stated in *Washington v. New York City Board of Estimate*, 709 F.2d 792, 797 (2d Cir. 1983), *cert et al denied*, 464 U.S. 1013 (1983):

> Rule 38 "proceed[s] on the basic premise that a jury trial is waived unless a timely demand is filed," *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2d Cir. 1983).  When Rule 38(b) has not been followed,

> it is clear that the test of waiver that is applied to other constitutional rights, that there must have been "an intentional relinquishment or abandonment of a known right or privilege," is not applicable to the right of trial by jury.

C. Wright & A. Miller, *Federal Practice and Procedure* § 2321, at 101 (1971) (footnotes omitted). Thus, a "[w]aiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse." *Id*. At 102 (footnote omitted).

In *Bellmore v. Mobil Oil Corp.*, 783 F.2d 300, 306 (2d Cir. 1986) the Court stated:

> The test to determine whether a party has waived his right to trial by jury is less stringent than the "intentional relinquishment or abandonment of a known right or privilege" test applicable to other constitutional rights. (Citing Cases)

Pro Se Parties Are Not
Entitled To Special Consideration

Rule 38 does not distinguish between parties represented by counsel and those who appear *pro se*. There is no case law or rule justifying an exception to the application of the rule.

In *Washington v. New York City Board of Estimate, supra* at 797-8 (1983), the Court of Appeals for the Second Circuit states:

> We are unpersuaded by Washington's argument that the application of Rule 38 to a pro se litigant is unfair "absent some notification of its operation." (Appellant's brief on appeal at 7.) The operation of the Rule imposes no greater burden on pro se

litigants than on represented litigants, as the unintentional or unknowing failures of all litigants to comply with Rule 38 are dealt with equally.

* * * *

The same rule of waiver has been applied to pro se litigants. See *Scharnhorst v. Independent School District*, 686 F.2d 637, 641 (8th Cir. 1982)); *McCray v. Burrell*, 516 F.2d 357, 371 (4th Cir. 1975) (en banc), *cert. dismissed*, 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976).

In *Byrd v. City of New York*, 75 F.Supp.2d 232, 233 (1999), the Southern District of New York stated:

> The Second Circuit has interpreted Rule 38 in the context of *pro se* litigation by explaining that the otherwise liberal standard for *pro se* pleadings does not extend to requests for jury trials. See *Washington v. New York City Bd. Of Estimate*, 709 F.2d 792, 795, 798 (2d Cir. 1983), *cert. denied*, 464 U.S. 1013, 104 S.Ct. 537, 78 L.Ed.2d 717 (1983) (denying untimely application for a jury trial to a *pro se* plaintiff).
>
> Moreover, the Second Circuit noted that *pro se* litigants are not entitled to a special notification of their waiver of the right to a jury trial. *Id.* At 798, n.5.

The Second And Third
Answers Present No New Issues

The MAPT Complaint contains detailed allegations as to MAPT's investment in the good will appurtenant to the mark FOXWOODS and as to the acts of Redican of which it complains. It sets forth seven causes of action.

In the original answer, Redican set forth his admission or denial of each paragraph of the complaint. Clearly, issue was joined as to all the allegations.

In the First Amended Answer mailed less than a month later, he articulated in considerable detail his defenses and suggested in his closing paragraph a request that "as a counterclaim that the complainant filed the complaint in bad faith...".

In the Second Amended Answer, *pro se* counsel basically repeated the admissions and denials of the paragraphs of the complaint and added a series of "special defenses".

The mere filing of an amended pleading does not give rise to a new ten (10) day period for filing a jury demand. Moreover, Redican did not seek or obtain permission of the Court to file either of the amended answers. Filing unauthorized amended pleadings should not be a renewed basis for making a jury demand. MAPT could file a motion to strike such amended pleadings as not authorized by the Court.

Even if one were to look to the amended answers as a possible basis for a new jury demand period, it is well settled that amended pleadings do not start a new ten (10) day period unless they present new issues or only as to new issues.

In *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (1973), the Second Circuit stated:

> Under Rule 38(d), the failure to demand a jury trial within the period designated by Rule 38(b) constitutes a waiver of that right as to all issues raised in the complaint. If the original complaint is subsequently amended, the right to demand a jury trial is revived in an action such as this only if the amendment changes the issues.
>
> * * * *
>
> The amendments did not raise new issues within the meaning of Rule 38 such as would entitle Kircher to demand a jury trial as of right.

Granting A Jury Trial Claim
Would Be Prejudicial To MAPT

The effect of inserting a jury trial would be to delay still further the trial of this case by introducing additional scheduling requirements, providing for *voir dire*, preparation of jury instructions, and preparation of jury interrogatories, etc.

This action was filed on October 17, 2002 and the original answer was filed on January 2, 2003. Redican filed a Motion to Dismiss on December 13, 2002 and that motion was denied on April 11, 2003. After the appointment of *pro se* counsel, Redican's discovery responses have been slow and at least arguably contrary to the spirit if not the letter of the discovery rules.

As matters now stand, MAPT believes that this case can be resolved only by the Court following a hearing. Since the case is more than 27 months old, it is likely that the Court could schedule a two-day bench trial in the near future.

If the matter were now to require a jury trial, the trial date would undoubtedly be months later. Additional time and costs would be required for *voir dire*, jury instructions, jury interrogatories, etc. This would clearly prejudice MAPT.

## CONCLUSION

Accordingly, it is respectfully requested that the Court strike the jury demand as untimely.

                                        THE MASHANTUCKET PEQUOT TRIBE

                                        By _____
                                               Peter L. Costas
                                               ct04260
                                               PEPE & HAZARD LLP
                                               225 Asylum Street
                                               Hartford, Connecticut 06103
                                               (860) 241-2630

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served by E-Mail and by first class mail, postage prepaid, upon Stephen P. McNamara, St. Onge Steward Johnston & Reens LLC, 986 Bedford Street, Stamford, Connecticut 06905.

Date: February 1, 2005

_____
Peter L. Costas