# EXHIBIT A-1

The MASHANTUCKET PEQUOT TRIBE          **CASE NUMBER: 302CV1828JCH**
                Plaintiff
                    V.
        RAYMOND REDICAN, JR
                Defendant


### ANSWER:  UNAMENDED RESPONSE TO COMPLAINT


To: Peter L. Costas                    Mashantucket Pequot Tribal Nation
Pepe & Hazard LLP                      PO BOX 3125
225 Asylum St                          Mashantucket, CT 06339
Hartford, CT 06103


Ray Redican jr                         Honorable Judge Janet C Hall
PO BOX 7381                            915 Lafayette Blvd
Lowell MA 01852                        Bridgeport, Ct06604
United States Of America


        Numerated Paragraph 1 To be determined/Agree upon information and belief;

Numerated Paragraph's 2, 4-8, 10, 13-16, 19-26, 28-30, 32-34, 36-37, 39-40, 42-43, 45-

46, 51, 53-54 Deny; Numerated Paragraph's 3, 48-49, 52 Agree; Numerated Paragraph 9

Deny as to Registration No. 1,933,316; Numerated Paragraph 11 Agree as to the

registration of FOXWOOD.COM, Deny as to appropriating Complainants mark;

Numerated Paragraph 12 Agree as to the registration of FOXWOOD.ORG, Deny as to

appropriating Complainants mark; Numerated Paragraph 17 Agree in part as to Plaintiff

advising Defendant, Deny in part that these registrations were improperly obtained;

Numerated Paragraph 18 Agree in part as to hosting advertisements, Deny in part as to

confusion; Numerated Paragraph 27 Absolutely Deny; Numerated Paragraph's 31, 35,

38, 41, 44, 47, 50 Defendant repeats the answers corresponding within Numerated

Paragraphs 1-25 of this Response as it fully set forth hereinafter.

RAY Radican
Po Box 7381
Lowell MA 01852

Raymond Renn
Robel 7381
Lowell Ma 01852 USA

CERTIFICATE OF SERVICE

This is to certify that the foregoing Unamended Response To Complaint was mailed on

this date to the following:


Peter L. Costas
Pepe & Hazard LLP
225 Asylum St
Hartford, CT 06103

Mashantucket Pequot Tribal Nation
PO BOX 3125
Mashantucket, CT 06339


Ray Redican jr
PO BOX 7381
Lowell MA 01852
United States Of America

Honorable Judge Janet C Hall
915 Lafayette Blvd
Bridgeport, CT 06604


Dated:  December 27, 2002


Respectfully Submitted

Ray Redican jr.
PO BOX 7381
Lowell, MA 01852 USA
dba CBNO FOXWOOD.COM (CIS)
COMMONWEALTH INTERNET SERVICES (CIS)

3

# EXHIBIT A-2

The MASHANTUCKET PEQUOT TRIBE        CASE NUMBER: 302CV1828JCH
                    Plaintiff
                        V.
        RAYMOND REDICAN, JR
                    Defendant


## ANSWER:  AMENDED RESPONSE TO COMPLAINT


To:  Peter L. Costas                    Mashantucket Pequot Tribal Nation
Pepe & Hazard LLP                       PO BOX 3125
225 Asylum St                           Mashantucket, CT 06339
Hartford, CT 06103


Ray Redican jr                          Honorable Judge Janet C Hall
PO BOX 7381                             915 Lafayette Blvd
Lowell MA 01852                         Bridgeport, Ct06604
United States Of America


## CONSTITUTIONAL RIGHTS

        I hereby invoke my First Amendment Rights to continue the operation of

http://www.foxwood.com and http://www.foxwood.org to protect my freedom of speech

and press and to promote religion, my 14th Amendment (Citizenship Rights) which if this

case has not already been dismissed I think it is proper to be heard in the State where I

reside – Massachusetts or Virginia [Exhibit A Terms and Conditions of Use] as well as

the Sec. 3008 Savings Clause's defense under section 43 (c) (4).


JAN 2 3 2003

FOXWOOD is not a trademark of The Mashantucket Pequot Tribe, but an International generic description of many things including but not limited to Institutes, Geography (municipalities within Alabama, Arizona, Georgia, Maryland, North & South Carolina, Texas, Virginia and avenues, boulevards, circles, roads, streets, terraces and ways within many other states) [Exhibit C], Governmental Agency's [Exhibit M], Intellectual Property [Exhibit B], Species such as being a poisonous plant for rabbits [Exhibit D], concurrently used by a multitude of world wide third parties [See Exhibit M's Yellow Pages].  Since 1997 there has been a notice of Copyright on FOXWOOD.COM along with Disclaimers and a Terms of Service [Exhibit A].  Indeed, genericness, if established, will defeat a claim of trademark rights, even in a mark which is the subject of an incontestable registration.  Respondent has used the term FOXWOOD in a manner consistent with common public use.

People do not purchase "FOXWOOD" anything from the Mashantucket Pequot Tribe they specifically purchase Foxwoods Resort Casino and Mashantucket Pequot Tribal Nation (MPTN) products and services.

See, also, the complete Schedule of Exhibits and Sitemap [Exhibit F] included herewith which are exemplars of the thousands of such uses of these generic terms (FOX WOOD, FOXWOOD), none of which is referring to the Complainant's many and varied products that it sells under the very specific names Mashantucket Pequot Tribal Nation and/or Foxwoods Resort Casino.

On the other hand, when people are seeking, writing, or providing information about FOXWOOD, they use the descriptive term(s) "F-O-X-W-O-O-D" [Exhibit N MPTN FOXWOODS.COM Web Site Statistics]. Given the many bona fide uses when people are looking for information about it, they are not looking for MPTN as the source of the information, although it might be one of many readily available sources [See Exhibit G comparing keyword search query FOXWOOD with FOXWOODS including The Hartford Courant, America's oldest continuously published newspaper]. This fact is clear from the accompanying international news and reprints (dating back to the 1960's) from the Web Search Engines eLibrary, Google including but not limited to Case Law Fox Wood III v. TXO Production Company [Exhibit H]. Audio and Video Exhibits are available upon request as Exhibit O.

**NOT A TRADEMARK USE**

Although the MPTN is the Senior user of the pluralized trademark FOXWOODS, they do not hold that name exclusively [See Exhibit M's Foxwoods Shops in the United Kingdom, Canada's Foxwood Resort, email and Geocities print out of the Norwegian Forest Cats Foxwoods Cattery as well as the hyphenated Foxwood's Homeowner association in Orange Park, Florida] and have no rights in the singular mark FOXWOOD. FOXWOOD is not the sole source or trademark of anything; Furthermore even if the MPTN were to apply for and receive the singular mark FOXWOOD they would be granted non-exclusive Junior user status due to the fact that the trademark "FOXWOOD" is registered to QVC, INC Reg. Number 2594152, FOXWOOD MANUFACTURING

AND DISTRIBUTING CO., INC. Reg. Number 1440615 and FAIRMONT HOMES,

INC. Reg. Number 1353918, the latter two being registered 11 and 13 years earlier than

"FOXWOODS" [Exhibit B].


It is interesting to note that the United States Patent & Trademark Office

Cancelled the MPTN FOXWOODS Mark for Registration Number 1933316 on August

10, 2002 [Exhibit B] having a date of first use February 02, 1992 before this Complaint

was brought.  Although the above is apparently true the Plaintiff nonetheless chose to list

the invalid mark on page two of the MPTN Complaint and brought suit.  This is yet one

more reason this complaint if not already dismissed should be.


MPTN is the source of gambling and a myriad of other products and services they

make and sell under the trademark FOXWOODS.  Respondent is not using the mark

FOXWOODS as his domain name, and his web site is not in competition with

Complainant, nor would anyone confuse it with the operator of such an educational and

gambling organization [See Exhibit F & J] anymore than they would think that the

Supreme Court of Oklahoma was referring only to the Complainant when a court

decision refered to Fox Wood as it did in the case of Fox Wood III v. TXO Production

and the other cases of courts that have used these generic terms in decision after decision

[Exhibit H].


FOXWOODS is a particular name of a casino run by the MPTN, with an 's.'

From a trademark standpoint it is interesting to speculate how the PTO ever granted the

registration for the FOXWOODS mark, since it, itself is generically descriptive [See Exhibit H's definition of the Mashantucket Pequots' Tribal Symbol's. *"Framed against a clear sky, the lone tree on a prominent knoll represents Mashantucket, the 'much-wooded land'.... The fox stands as a reminder that the Pequots are known as the fox people"* Underneath this definition is a toll free phone number incorporating the word FOX (1-888-BUS-2-**FOX**), two pages over names an Editorial Advisor incorporating the word Woods (J. Cedric **Woods**), also on page two of Exhibit J's *Traveler* mentions the first generic term "Fox" Theater]. Perhaps some of their registrations were initially granted due to their pluralized usage. Going one step further note the proper English usage of the apostrophe after the 's' in the word "Pequots" on page one of The Pequot Times' Newspaper [See Exhibit H]: ..."*Waite helped to start up the Pequots' Career Development Center.*" Similar is the correct usage of the apostrophe when referring to FOXWOOD**S'** [Exhibit K] appearing in their own brochures, and advertisement in the Holiday edition of TRAVELER on page 8.

Given this fact, the problem Complainant has here is that it does not own these words in the English or any other Language, particularly when the words are so close to the same descriptive, generic terms that it chose for its mark, and in common usage everywhere throughout the world for things not even associated with Complainant [See Exhibit's E & J]. Complainant owns only the right to label their particular establishment with its term FOXWOODS as one word [See Exhibit K MPTN advertising *Foxwoods'* and an interview with Emma Tillman born 1893, the oldest women in Connecticut

referring correctly to the MPTN organization as FOXWOODS (with an 's'), appearing in the November 20 – December 3, 2002 issue of The Resident page 25] not FOXWOOD.

## REVERSE DOMAIN NAME HIJACKING

This case is an egregious example of an effort at Reverse Domain Name Hijacking (RDNH) by a trademark owner attempting to take a domain name away from an individual's active business that is, and has been, using the domain name in his business fully in accordance with the law. Complainant does not and cannot prove that (1) the domain name is the same as the trademark; or (2) That the domain name was registered or used in bad faith by Respondent. Respondent requests that this Court make a finding of bad faith attempted Reverse Domain Name Hijacking (RDNH) counterclaim and award appropriate monetary damages in excess of $100,000 or what the Court deems reasonable to Respondent [See Exhibit L's September 7, 2001 letter addressed to Plaintiff parties]. Complaint against attorney forms were filled out against house counsel Wade T. Blackmon and Peter L. Costas before any official notice of these present proceedings.

## RESPONDENT'S LEGITIMATE BUSINESS AND RIGHT TO USE

Redican is not a cybersquatter. CBNO FOXWOOD.COM (CIS) & FOXWOOD.ORG (CIS) have operated as bona fide organization's from the start (1997 and 2000 respectively). Advertising has been paid to AOL Time Warner and others [Exhibit A]. From the very outset of his registration of it as a domain, it has been

operated as an unincorporated business, which he chose to call it because of his interest in

building and operating (community) web sites [Exhibit A About, Operating Expenses and

News Article]. FOXWOOD.COM was registered by Global Communications

Internetworking Corporation (GLCI) for CBNO in 1997. GLCI at the time was CBNO's

Internet Service and Host Provider. GLCI one of if not the first ISP in Lowell, MA was

purchased a couple years after being in business. CBNO was forced to acquire the

services of other host providers since that time. Prior to becoming the registrant of

FOXWOOD.COM this domain was listed at Network Solutions as being "On Hold"

registered to a third party. Ray Redican jr. and CBNO COMMONWEALTH

INTERNET SERVICES (CIS) were not the first registrants of FOXWOOD.COM.


Furthermore, there has never been any discussion between the parties as to the

purchase price of these domains. All that has occurred is that Complainant has sent

numerous threats to Respondent, falsely accusing him of various illegal acts. The reason

Respondent did not transfer the domain name for a consideration, is because, not only

does he have a legal right to use the domain name, he is not interested in selling the name

to anyone without first having an appraisal conducted and considered. The Mashantucket

Pequot Tribal Nation (MPTN) and Peter L. Costas first became aware of the registration

of FOXWOOD.COM at or about the time of February 1999, shortly after the filing of an

application for registration of the trademark FOXWOOD.COM in the United States

Patent and Trademark Office and have acquiesced since the filing of this Civil action.

Within months after applying for the TM I was contacted by MPTN's legal counsel via a

letter advising me of the prospect of litigation in the event I did not cease, desist and turn over FOXWOOD.COM.

## THE MARK AND THE DOMAIN NAME ARE NOT THE SAME

Registrant concedes that FOXWOODS is a trademark of Complainant, that at least one of their marks has been Cancelled by the USPTO and that the domain names of Registrant at issue are FOXWOOD.COM and FOXWOOD.ORG.  Clearly, the domain names are not identical, and as the argument above illustrates, the similarity of the trademark and the domain name is not because of a desire to trade on the mark of Complainant, but because Complaint chose a highly descriptive generic trademark [Exhibit I].

I see no basis for Complainants assertion that its mark is famous and highly distinctive, in light of the foregoing facts.  The MPTN's marks are not incontestable, at least one of them has been cancelled by the USPTO for the word mark FOXWOODS – Reg. Number 1933316 described as *educational and entertainment services in the nature of operation of bingo games, amusement centers, amusement park rides, cinema theaters, casinos...*, there is wide spread international third party concurrent use of FOXWOOD including one European organization – http://www.foxwoodsshops.co.uk – doing business offline utilizing the term FOXWOODS.  Complainant can not, by choosing to use a descriptive trademark claim ownership of the descriptive phrases or words that relate to the world around it.

Respondent does not claim that FOXWOODS is not a trademark, only that similar words involving use of the trademarked product cannot be considered a prohibited trademark use. How else can one explain the widespread and almost immediate use of the terms foxwoode, foxwood, fox wood, fox-wood, foxwood's, foxwoods, fox woods, oxwood without action against them by Complainant who surely must have been aware of such use since they permeate all forms of communication throughout the globe [Exhibit M]. The fact of the matter is that Complainant would like to have the domain for its own use by ordering Respondent to give it to them and Respondent is not interested, so Complainant is seeking to Reverse Domain Name Hijack (RDNH) these from him. See, Avery Dennison Corp. v. Sumpton, 189 F.3d 868 (9th Cir.1999); Carnival Corp. v. SeaEscape Casino Cruises, Inc., 74 F. Supp. 2d 1261, 1271 (S.D. Fla. 1999)("the word `fun' is used by many other businesses in the travel, gaming, and entertainment industries . . .cut[ting] against Carnival's dilution claim"); Michael Caruso & Co., Inc. v. Estefan Enterprises, Inc., 994 F. Supp. 1454, 1463 (S.D. Fla. 1998)(extensive third party use of word "bongo" undermines inherent distinctiveness of mark), aff 'd without opinion, 166 F.3d 353 (11th Cir. 1998); Hershey, 998 F. Supp. at 517 (finding trade dress not sufficiently famous and noting several examples of third party's trade dress in food industry similar to plaintiff 's color combination and lettering); Sports Authority v. Abercrombie & Fitch, Inc., 965 F. Supp. 925, 941 (E.D. Mich. 1997)(third-party use of "authority," whether or not in the relevant market, diminishes any distinctive or famous aspects of mark rendering it "not so famous as to deserve protection" under the FTDA); Trustees of Columbia University v. Columbia/HCA Healthcare Corp. , 964 F. Supp. 733,

744 & 750 (S.D.N.Y. 1997)(fame of mark "Columbia" for healthcare services "has been seriously undermined by third party use of the same or similar marks" both within the health care industry and in other industries); Star Markets, 950 F. Supp. at 1035 (noting multiple third party uses of "Star" and "Star Markets" in food industry and unrelated industries); Golden Bear Int'l, Inc. v. Bear U.S.A., Inc., 969 F. Supp. 742, 749 (N.D. Ga. 1996)(third parties extensively used both the word "bear" and a bear design in connection with the sale of sporting goods and clothes).

We further submit, based upon the factual information provided in the Exhibits, Respondent has demonstrated that while the trademark and the domain name are somewhat similar, because the Complaint's word mark is so generic and descriptive and because it is not arbitrary, fanciful, distinctive or famous, that it is not within the intended compass of these present proceedings and is without merit. Therefore there is no Infringement, Common Law Trademark Infringement, Dilution of Federal or State law, Unfair Trade Practices or any Violation of The Anticybersquatting Consumer Privacy Act taking place nor is there or has there ever been any False Designation or Description by Respondent.

Shortly after Attorney Wade T. Blackmon's August 10, 2001 letter and in speaking with him Ray Redican jr. composed and uploaded the following Press Release dated 08-11-01 *"This site is in no way shape and or form affiliated with and or have a(ny) relationship with The Mashantucket Pequot Tribal Nation ("MPTN"), which owns and operates the Mashantucket Pequot Gaming Enterprise d/b/a Foxwoods Resort*

*Casino in Ledyard CT USA or any other organization except those which are associated with Commonwealth Internet Services (CIS). Written per email dated August 10 2001 From MPTN Internal Legal Counsel Wade Blackmon."* This was written as a means to quash any misunderstanding the Tribe may have had about CBNO FOXWOOD.COM (CIS) and FOXWOOD.ORG (CIS).

Trademark infringement law permits similar, or even identical, marks to coexist on non-competing goods. If even a locally famous mark can preclude all other marks in every channel of trade, then conceivably every trademark can be used to create a monopoly in a word or symbol – a proposition clearly contrary to the intent and practice of trademark law. Congress was explicit as to where protection was warranted: "DUPONT Shoes, BUICK aspirin, and KODAK pianos." H.R. Rep. No. 104-374, at 4 (1995), reprinted in 1995 U.S.C.C.A.N. at 1030.

MPTN has simply not come forward with *substantial* likelihood of confusion evidence or the degree of recognition of the mark in the trading areas and channels of trade used by the marks' owner and the person against whom the injunction is sought.

As numerous Federal Court decision have held, including *Hasbro, Inc. v. Clue Computing, Inc.,* 189 F.3d 868; 1999 U.S. App. LEXIS 19954 (D. MA. 1999) and Cello Holdings v. LLC and Cello Music & Film Systems, Inc. v. Lawrence-Dahl Companies and Lawrence Storey 97 Civ. 7677, 2000 U.S. Dist. LEXIS 3696 (d. NY 2000) even the owner of a famous trademark cannot establish infringement or dilution by a domain

name, where the mark is so generic and so common as to fail to serve as a unique product or service identifier. These cases destroy the dilution argument asserted by Complainant.

There are also a number of ICANN decision in favor of the Respondent where the primary reason for the ruling is that the mark is generic or so common as not to be distinctive enough to establish any reason that the registrant would have notice of the trademark or any reason to believe that the use of the common descriptive word would be considered illegal or improper. See, for example, the Cartoys.com case, File No. FA0002000093682, and the Countryhome.com case, File No. WIPO D2000-0223, among many others. Upon information and belief The Foxwods Resort Casino is only ten years old and at the time of registration of FOXWOOD.COM Foxwoods would have only been five years old. None of the MPTN marks listed in the Complaint are incontestable nor are they afforded protection similar to The Boy Scouts of America, Smokey The Bear or Coca-Cola.

Other ICANN decisions have dealt with similar cases where the mark and the domain were similar but not the same and ruled nearly every time, that the Complaint had not met its burden of showing an identical or confusingly similar actionable mark used as a domain name. [See United Nations World Intellectual Property Organization (WIPO) (http://www.wipo.int) eautolamps.com – D2000-0047; phoneenphone.com – D2000-0400; and gate-way.com – D2000-0109 as well as Case No. D2000-00427 Rollerblade, Inc. v. CBNO and Ray Redican Jr. which is attached within Exhibit A].

Finally, we do not believe that there is any legal basis for Complaint's argument that Respondent is acting in bad faith merely because he uses the domain name. Certainly, Complainant has produced no evidence of any intentional use to mislead or trade on the good will of Complainant's marks. This is an assumption which is belied by the fact that there are nearly a hundred other domain names with the word(s) foxwoode, foxwood, fox-wood, foxwoods, fox-woods in them as noted below and shown in the Exhibits E, G & M.

## NO SHOWING OF BAD FAITH REGISTRATION OR USE

Any reasonable reading of the Complainant's pleading demonstrates that it has not met the final test of the ICANN rules, either. It has asserted no facts that show or even tend to show that Redican registered the names in bad faith, as defined in the ICANN rules, nor that he is using them in bad faith. He is using them as a bona fide legitimate organization he operates, sells products and services from and has expended money for advertising and other purposes since the first registration of the domains [Exhibit A]. He has a legitimate, legal interest in the use of these generic terms as domain names, which Complaint has no right to stop.

There is no evidence that his use of the domain's FOXWOOD.COM and FOXWOOD.ORG preclude Complainant or anyone else from doing business on the Internet under their trademark, or even other marks using the F-O-X-W-O-O-D formative. Respondent has used the domain name FOXWOOD.COM since 1997 and

FOXWOOD.ORG since 2000 as legitimate bona fide organization's and Complainant apparently only now seeks to stop Respondent after he has used it for a number of years, yet permits other users of the actual trademark in domain names. Note that there are more than 100 listings of other FOXWOOD formatives on the whois? site [Exhibit E and M].

Respondent's web site www.FOXWOOD.com <http://www.foxwood.com> also lists, as links, numerous foreign URL's for sites all over the world that use the terms foxwoode, foxwood, fox wood, fox-wood, foxwood's, foxwoods, fox woods in their domain names or on the web site. We respectfully suggest that the Court look at some of these other web sites to see that what we have asserted here is correct, about the generic and descriptive nature of these term(s) [See http://foxwood.com/links/index.html]. We submit that this situation is massive and overwhelming evidence of Complaint's bad faith in pursuing this claim, not the other way around.

**CONCLUSION**

Based on the foregoing facts and argument, Respondent requests that the Complaint be dismissed, on the basis that Complaint has not proven registration and use in bad faith as required by the Internet Corporation for Assigned Names and Numbers (ICANN) Rule 4(a)(iii); has not established that the Registrant has no legitimate interest in or right to use the domain required by Rule 4(a)(ii); and has not established that the domain name is identical or similar in the trademark sense to Complaint's mark as

required by Rule 4(a)(i).  In short, Complainant has not proven a single one of the three required bases for relief.

Respondent respectfully requests therefore, that this Court find that the names should remain registered to Respondent, and as a counterclaim that the Complainant filed this Complaint in bad faith as a Reverse Domain Name Hijacker (RDNH) without any justification whatsoever, other than the fact it would like to use these names which Respondent lawfully registered and has been using in good faith.

CERTIFICATE OF SERVICE

This is to certify that the foregoing Answer was mailed on this date to the following:


Peter L. Costas                          Mashantucket Pequot Tribal Nation
Pepe & Hazard LLP                        PO BOX 3125
225 Asylum St                            Mashantucket, CT 06339
Hartford, CT 06103


Ray Redican jr                           Honorable Judge Janet C Hall
PO BOX 7381                              915 Lafayette Blvd
Lowell MA 01852                          Bridgeport, Ct06604
United States Of America


Dated:  Janurary 18, 2003

Respectfully Submitted

Ray Redican jr.
PO BOX 7381
Lowell, MA 01852 USA
dba CBNO FOXWOOD.COM (CIS)
COMMONWEALTH INTERNET SERVICES (CIS)

# EXHIBIT A-3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------------x
:
THE MASHANTUCKET PEQUOT TRIBE                :

        Plaintiff                 :

      v.                          :

                                  :

RAYMOND REDICAN, JR. D/B/A CBNO            :
FOXWOOD.COM (CIS)                                       :
:
        Defendant.            :
:
-----------------------------------------------------------------x

| | |
|---|---|
| | CIVIL ACTION NO. |
| | 3:02 CV 1828 (JCH) |
| | JULY 1, 2003 |

## DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

      Defendant, Raymond Redican, Jr. d/b/a CBNO FOXWOOD.COM (CIS) (hereinafter "Redican" or "Defendant"), by his attorney, hereby answers the Plaintiff's Complaint, answering the numbered paragraphs thereof as follows:

1. The allegations of paragraph 1 are admitted.

2. It is admitted that Raymond Redican, Jr. is a resident of Massachusetts. Otherwise, the allegations of paragraph 2 are denied.

3. The allegations of paragraph 3 are admitted.

4. This paragraph states legal conclusions that require no response.

5. Defendant denies that the court has subject matter jurisdiction of this action. Defendant denies that venue is proper.

6. Defendant lacks information sufficient to form a belief as to the matter asserted and

accordingly the allegations of paragraph 6 are denied.

7.  Defendant lacks information sufficient to form a belief as to the matter asserted and accordingly the allegations of paragraph 7 are denied.

8.  Defendant lacks information sufficient to form a belief as to the matter asserted and accordingly the allegations of paragraph 8 are denied.

9.  The allegations of paragraph 9 are admitted.

10. Defendant lacks information sufficient to form a belief as to the matter asserted and accordingly the allegations of paragraph 10 are denied

11. Defendant admits that a representative of Global Communications Internetworking Corporation registered the domain name foxwood.com on behalf of the Defendant.  The remaining allegations of this paragraph are denied.

12. Defendant admits at one time he had obtained the registration of foxwood.org.  However, that domain name registration is now acquired by an entity in Hong Kong.  The remaining allegations of this paragraph are denied.

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 pertaining to the Plaintiff advising the Defendant are

admitted.  The remaining allegations are denied

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are admitted; further answering, Defendants states that it does not use the Plaintiff's tradename and mark.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 31.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied.

35. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 35.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

38. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 38.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

41. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 41.

42. The allegations of paragraph 42 are denied.

43. The allegations of paragraph 43 are denied.

44. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 44.

45. The allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 are denied.

47. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 47.

48. The allegations of paragraph 48 are admitted.

49. The allegations of paragraph 49 are admitted.

50. The allegations of paragraph 50 are denied.

51. The allegations of paragraph 51 are denied.

52. The allegations of paragraph 52 are admitted.

53. The allegations of paragraph 53 are denied

54. The allegations of paragraph 54 are denied.

## AFFIRMATIVE DEFENSES

1.    Defendant is not subject to personal jurisdiction in Connecticut.

2.    Venue is improper in the District of Connecticut.

3.    Service of process of the complaint made upon Defendant Redican was improper.

4.    Plaintiff's claims are barred by laches.

5.    Plaintiff has unclean hands.

6.    Plaintiff lacks legal standing to assert the claims asserted herein, since as a sovereign entity that does not submit to the jurisdiction of this court when claims

are asserted against the Plaintiff, it has no right to seek redress in this court when asserting claims against others.

WHEREFORE, Defendant prays that all of the counts of the complaint be dismissed with prejudice, and that Defendant Raymond Redican, Jr. d/b/a CBNO FOXWOOD.COM (CIS) be awarded costs in defending the action filed by Plaintiff herein.

Respectfully submitted,

Stephen P. McNamara, (ct 01220)
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, CT 06905
Tel. (203) 324-6155
Fax: (203) 327-1096

Pro Bono Attorney for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

**DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

is being served on all counsel of record, on this date, by first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum Street
Hartford, Connecticut 06130

June 30, 2003
Date

Stephen P. McNamara

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------x
                                          :
THE MASHANTUCKET PEQUOT TRIBE             :
                                          :        CIVIL ACTION NO.
              Plaintiff                   :        3:02 CV 1828 (JCH)
         v.                               :
                                          :
RAYMOND REDICAN, JR. D/B/A CBNO           :
FOXWOOD.COM (CIS)                         :
                                          :        JULY 3, 2003
              Defendant.                  :
                                          :
-------------------------------------------------------------x
```

### JURY DEMAND

Defendant, Raymond Redican, Jr. hereby requests a trial by jury on all claims and issues so triable.

Respectfully submitted,

_July 3, 2003_
Date

Stephen P. McNamara (ct01220)
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Pro Bono Attorney for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

**JURY DEMAND**

is being served on all counsel of record, on this date, by first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum Street
Hartford, Connecticut 06130


7/3/03

Date