UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2005 MAR -2  A 9: 37

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| THE MASHANTUCKET PEQUOT TRIBE ) | |
| ) | CIVIL ACTION NO.: |
| Plaintiff ) | 3:02 CV 1828 (JCH) |
| ) | |
| v. ) | |
| ) | |
| RAYMOND REDICAN, JR. d/b/a ) | March 2, 2005 |
| CBNO FOXWOOD.COM (CIS) ) | |
| Defendant ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME FOR JURY DEMAND, MOTION FOR JURY TRIAL AND OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE JURY DEMAND**

Stephen P. McNamara, ct01220
ST.ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905
Tel. (203) 324-6155
Fax (203) 327-1096

ATTORNEY FOR DEFENDANT

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………………….. i

TABLE OF AUTHORITIES……………………………………………………………… ii

INTRODUCTION ………………………………………………………………………... 1

STATEMENT OF FACTS………………………………………………………………… 1

ARGUMENT……………………………………………………………………………… 2

I. THE JURY DEMAND IS PROPER PURSUANT TO RULE 38(B) BECAUSE THERE ARE NEW ISSUES OF FACT EMBRACED WITHIN THE AMENDED ANSWER ……….. 3

II. IT IS PROPER FOR THIS COURT TO GRANT MR. REDICAN'S MOTION FOR AN EXTENSION OF TIME TO FILE A JURY DEMAND PURSUANT TO RULE 6(B)(2)……. 4

III. IT IS PROPER FOR THIS COURT TO EXERCISE ITS DISCRETION AND ORDER A TRIAL BY JURY PURSUANT TO RULE 39(B)………………………………………….. 9

CONCLUSION……………………………………………………………………………. 11

# TABLE OF AUTHORITIES

## CASES

*Aetna Casualty & Surety Co. v. Jeppesen & Co.*, 642 F.2d 339 (9th Cir.1981)... 9

*Bellmore v. Mobil Oil Corp.*, 783 F.2d 300 (2d Cir.1986)............................ 2

*Christensen v. Bristol-Myers Co.*, 1988 WL 96065 (S.D.N.Y. 1988)............... 10

*Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187 (2nd Cir. 1996)................. 3

*Covington v. Westchester County Jail*, 1998 WL 642798 (S.D.N.Y. 1998)........ 6, 7

*Haines v. Kerner*, 404 U.S. 519 (1972)................................................ 7

*In re PaineWebber Ltd. Partnerships Litigation*, 147 F.3d 132 (2d Cir.1998)..... 6

*Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)..................................... 9

*Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir.1967)..................... 10

*Parrott v. Wilson*, 707 F.2d 1262 (11th Cir. 1983)................................... 9

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)... 5

*ProFitness Physical Therapy Center v. Pro-Fit Orthopedic and Sports Physical Therapy P.C.*, 314 F.3d 62 (2nd Cir. 2002)............................................ 3

*Ptaszek v. YMCA Retirement Fund*, 2004 WL 1900332 (S.D.N.Y. 2004)......... 6

*Raymond v. IBM Corp.*, 148 F.3d 63 (2d Cir.1998)................................... 4, 5, 6

*Simler v. Conner*, 372 U.S. 221 (1963)................................................ 2

*U.S. v. One Parcel of Property Located at 2030-32 Main St., Bridgeport, Connecticut*, 2000 WL 620424 (D. Conn. 2000)..................................... 6

*Washington v. New York City Bd. of Estimate*, 709 F.2d 792 (2d Cir.1983)....... 10

## RULES

Fed. R. Civ. P. 6(b)(2)................................................................... *passum*

Fed. R. Civ. P. 38(b)..................................................................... *passum*

Fed. R. Civ. P. 39(b)............................................................................. *passum*

## STATUTES

35 U.S.C. 1114.................................................................................. 3

35 U.S.C. 1125.................................................................................. 3

Defendant, Raymond Redican Jr. (Mr. Redican), submits this memorandum of law in support of his jury demand, pursuant to Rule 38(b), his motion for an extension of time to make a jury demand, pursuant to Rule 6(b), to motion this court to order a jury trial, pursuant to Rule 39(b), and hereby opposes Plaintiff's Motion To Strike Jury Demand filed by Plaintiff The Mashantucket Pequot Tribe (hereinafter "MAPT").

## INTRODUCTION

Mr. Redican seeks for this Court to grant his jury demand and deny MAPT's corresponding motion to strike. Mr. Redican made a proper jury demand pursuant to a First Amended Answer which raised a new issue based on facts not previously addressed in prior pleadings. After a year and a half, MAPT has decided that it now wants to object to this demand. If this Court finds reason to deny the jury demand, Mr. Redican moves this Court to grant him an extension of time to file a jury demand pursuant to Rule 6(b)(2). Such an extension is proper because Mr. Redican's failure to make a timely demand as a *pro se* defendant was an inadvertent mistake. Alternatively, Mr. Redican requests that this Court exercise its discretion and order a trial by jury pursuant to Rule 39(b). Such an order is appropriate since Mr. Redican's failure to comply with the requirements of Rule 38(b) was a product of his being an inexperienced *pro se* defendant.

## STATEMENT OF FACTS

On December 13, 2002, Mr. Redican filed a motion to dismiss, which was denied on April 10, 2003 (See Docket Items 7, 8 and 13). Under F.R.Civ.P. 12(a)(4)(A), Mr. Redican's answer was not due until April 20, 2003, and his jury demand was not due until April 30, 2003.

1

Prior to this time, on March 21, 2003, Mr. Redican filed a document in the form of a letter to Judge Hall letter requesting a jury, which document was re-filed and eneted April 11, 2003. (See Letter to Honorable Judge Janet C. Hall" attached as Exhibit A). This Jury Demand was filed within the appropriate time for filing an answer to the complaint.

However, Plaintiff points to an earlier filing, in January 2, 2003, of an "Answer: Unamended Response To Complaint" that Mr. Redican filed as a *pro se* defendant. While Mr. Redican made a good faith effort to comply with the requirements of the Federal Rules of Civil Procedure, as a *pro se* defendant he understandably was not aware of how to fully comply with its requirements. (Redican Aff. ¶5). At the time of filing this document, Mr. Redican was not aware that he would be obliged to file a demand for a jury at the same time. *Id*. The document does not follow the usual format for an Answer.

Nevertheless, Mr. Redican communicated both to MAPT's counsel and the Court that he wanted a jury. (Redican Letter to Judge Hall (Exhibit A)). It was through this effort that Mr. Redican believed that he was making an effective jury demand. (Redican Aff. ¶4).

On April 24, 2003 this Court appointed Stephen P. McNamara as counsel for Mr. Redican; thereafter, counsel for the parties agreed to a Stipulated Scheduling Order and on June 19, 2003 the Court endorsed the Stipulated Scheduling Order. The Stipulated Scheduling Order (Exhibit B) explicitly permitted filing of an amended answer, affirmative Defenses and counterclaims by July 1, 2003. Pursuant to this order, Mr. Redican filed his First Amended Answer and Affirmative Defenses (Exhibit C) on July 1, 2003 and his Jury Demand (Exhibit D) on July 7, 2003.

The First Amended Answer introduced a new issue of laches, and other affirmative defenses which were not included in the "Answer: Unamended Response To Complaint". Psee Exhibit C. These facts and defenses had not been embraced by the previous pleadings.

From July, 2003 until February 2, 2005, for over 18 months, MAPT remained silent and did not indicate that it intended to object to Mr. Redican's jury demand.

## ARGUMENT

Mr. Redican is entitled to have a jury preside over this case either because a proper jury demand was made in his First Amended Answer or a jury demand would still be proper at this time. The right to a jury trial is a fundamental right. *Bellmore v. Mobil Oil Corp.*, 783 F.2d 300, 306 (2d Cir.1986). The Seventh Amendment guarantees this right and "[t]he federal policy favoring jury trials is of historic and continuing strength." *Simler v. Conner*, 372 U.S. 221, 222 (1963).

A jury demand pursuant to Rule 38(b) is the mechanism by which a party exercises the right to a trial by jury. This rule requires either party to "demand a trial by jury of any issue triable of right ... not later than 10 days after the service of the last pleading directed to such issue." Fed. R. Civ. P. 38(b). If such a demand is not made within 10 days of the initial answer, a subsequent demand may be made in an amended answer that raises a new issue, after a motion for an extension of time, or at the discretion of the Court. Fed. R. Civ. P. 6(b), 38, 39(b). Mr. Redican contends that in light of a demand made pursuant to the First Amended Answer, MAPT's failure to object for over a year and a half, Mr. Redican's initial status as a *pro se* litigant, and Mr. Redican's mere inadvertence to properly make an initial demand, it is proper for this Court to grant Mr. Redican's jury demand.

3

## I. THE JURY DEMAND IS PROPER PURSUANT TO RULE 38(B) BECAUSE THERE ARE NEW ISSUES OF FACT EMBRACED WITHIN THE AMENDED ANSWER.

Mr. Redican's jury demand, presented pursuant to his First Amended Answer, is proper under Rule 38(b) because it brings forth the new issue of laches. Laches is a defense recognized under the Lanham Act. *See Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 193 (2nd Cir. 1996). The issue of laches in a trademark case considers whether "plaintiff's unreasonable delay" in enforcing his rights under the mark implies "consent to the defendant's conduct." *ProFitness Physical Therapy Center v. Pro-Fit Orthopedic and Sports Physical Therapy P.C.*, 314 F.3d 62, 67-68 (2nd Cir. 2002). The factual issues that underlie a defense of laches are distinct from claims that relate to trademark infringement and other unfair competition actions. While laches is concerned with the trademark owner's actions related to enforcement, issues like trademark infringement are concerned with the alleged infringer's use of the mark and the strength of that mark. *See* 35 U.S.C. 1114, 1125. MAPT's complaint alleges, in various forms, trademark infringement, trademark dilution, false designation or description, cyber-squatting and unfair trade practices. *See* MAPT Complaint. These allegations are concerned with facts such as Mr. Redican's use of the domain name FOXWOOD.COM, the strength of MAPT's marks (FOXWOODS, FOXWOODS CASINO, and FOXWOODS RESORT CASINO), and the goods and services to which MAPT applies these marks. Mr. Redican's First Amended Answer raises a new issue that MAPT has acted with unreasonable delay in enforcing its marks. This new issue raises facts that were not previously embraced in MAPT's complaint or Mr. Redican's previous answers because these facts relate to the conduct of MAPT.

Since Mr. Redican's First Amended Answer raises a new issue and a jury demand was properly made within 10 days of that answer, Mr. Redican is entitled to a jury pursuant to Rule

4

38. Based on the foregoing, it is proper for this court to deny MAPT's motion to strike Mr. Redican's jury demand.

## II. IT IS PROPER FOR THIS COURT TO GRANT MR. REDICAN'S MOTION FOR AN EXTENSION OF TIME TO FILE A JURY DEMAND PURSUANT TO RULE 6(B)(2).

If this Court finds that the new issue is not sufficient to grant Mr. Redican's jury demand, then, in the alternative, Mr. Redican moves the Court, *nunc pro tunc*, for an extension of time to file a jury demand pursuant to Rule 6(b)(2). Rule 6(b)(2) provides that "[w]hen by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(2). In *Raymond v. IBM Corp.*, 148 F.3d 63 (2d Cir.1998), the Second Circuit applied Rule 6(b)(2) and held that a party that failed to demand a jury in a timely manner was entitled to an extension to demand a jury even though the failure to request was a product of "mere inadvertence." *See Raymond*, 148 F.3d at 66-67. The court relied on the observation of the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), to determine the appropriate standard for determining "excusable neglect." In *Pioneer*, the Supreme Court observed that:

> the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

5

*Pioneer*, 507 U.S. at 391-92. The Second Circuit used this language to hold that "mere inadvertence, without more, *can* in some circumstances, be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)." *Raymond*, 148 F.3d at 66-67. "Excusable neglect" may result from "inadvertent delays, mistakes, or carelessness." *In re PaineWebber Ltd. Partnerships Litigation,* 147 F.3d 132, 135 (2d Cir.1998). This is "broad enough to encompass even those omissions cause[d] by circumstances within the movant's control." *Id.* But, the "movant must show good faith and a reasonable basis for noncompliance." *Id.* To determine whether a party's "mere inadvertence" is sufficient to be considered "excusable neglect," it is appropriate for this Court to make an equitable determination and consider "'all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Raymond*, 148 F.3d at 66-67 (quoting *Pioneer*, 507 U.S. at 395). The Court of Appeals considers this to be the appropriate standard for motions under Rule 6(b)(2) relating to jury demands even though it recognizes a higher standard for motions under Rule 39(b). *See Raymond*, 148 F.3d at 66

Following the guidance of the Second Circuit, courts have permitted an extension of time for a jury demand as long as there is an articulated reason for the failure to make a timely demand. *See, e.g., Ptaszek v. YMCA Retirement Fund*, 2004 WL 1900332 *3 (S.D.N.Y. 2004). (holding that even though the court did not find it "entirely persuasive" that the *pro se* litigant was not informed of its "need to make a jury demand and the deadline for making such a demand ... Nonetheless, [the *pro se* litigant] has come forward with at least some justification for its failure to demand a jury trial in a timely manner, and thus appears to have met the minimum threshold for excusing that failure."); *U.S. v. One Parcel of Property Located at 2030-32 Main St., Bridgeport, Connecticut*, 2000 WL 620424, *2 n.4 (D. Conn. 2000); *Covington v.*

6

*Westchester County Jail*, 1998 WL 642798, *2 (S.D.N.Y. 1998) (finding "excusable neglect" as a result of "mere inadvertence"). In addition to giving a reason for the "excusable neglect," such a motion is supported by the parties acquiescing to the understanding that a jury would be utilized even though the demand was not properly made in the first instance. *One Parcel*, 2000 WL 620424 *2 n.4 (D. Conn. 2000) (permitting a jury demand under 6(b) and 39(b) "[b]ecause [the] case was prepared as if it were a jury trial...").

For the opponent of the motion to be unduly prejudiced, a court should consider whether the opponent is prejudiced with regard to a litigation strategy. *Covington*, 1998 WL 642798 *3 (holding that the opposing party was not sufficiently prejudiced when the opposing party was placed on informal notice of moving party's intent to demand a jury, discovery was not complete, the demand was not made on the eve of trial, and the opposing party had not articulated how its strategy would be adversely affected). Further, any determination of undue prejudice should be made with an eye on the fact that a right to trial by jury is a "fundamental right" embodied in the Seventh Amendment. *Id.* at *2 n.3 (stating that when a court considers whether the opposing party is unduly prejudiced, it is important for the court to keep in mind that "the right to trial by jury is a fundamental right secured by the Seventh Amendment," and that the "important nature of this right may ... impact the quantum of prejudice needed to override it.").

Based on the Second Circuit's standard for granting a motion for an extension of time to make a jury demand, Mr. Redican's motion should be granted because his failure to demand a jury was the product of "excusable neglect." It is recognized that given the complexity of the civil litigation process, *pro se* parties are not deft in the formalities upon which they are to exercise their rights. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). As MAPT points out, Mr.

7

Redican failed to seek leave of the court or permission of MAPT to file his First Amended Answer. MAPT Motion. (Plaintiff's Memorandum of Law in Support of Its Motion to Strike Jury Demand, p. 2 (hereinafter "Plaintiff's Memorandum")). Mr. Redican was unaware that Rule 38(b) required a jury demand be made within 10 days of his answer at the time of filing his first answer. (Redican Aff. ¶5). Mr. Redican inadvertently failed to inquire into the existence of a time limit for making a jury demand. (Redican Aff. ¶6). Mr. Redican's assertion as to his inadvertent mistake is supported by the fact that he attempted to demand a jury through a letter to this Court. (See Exhibit A). This confirms Mr. Redican's ignorance of the time limit and procedure upon which to make a jury demand. These facts show that Mr. Redican inadvertently failed to make a proper jury demand as *pro se* litigant.

While Mr. Redican may not have complied with the procedures for demanding a jury, Mr. Redican did act in good faith. First as a *pro se* defendant, Mr. Redican demonstrated his intent to demand a jury. (See Exhibit B). Secondly, through counsel, Mr. Redican demanded a jury in connection with filing his First Amended Answer. These repeated demands put MAPT on sufficient notice of Mr. Redican's intent to demand a jury. They also demonstrate that Mr. Redican was not trying to place MAPT in a prejudicial position.

Moreover, as discussed above, Mr. Redican's first jury demand was filed before April 30, 2003, within the time period for filing an answer, even if it was more than 10 days after filing of the "Answer: Unamended Response To Complaint."

With the period between Mr. Redican's second jury demand and MAPT's present motion, Mr. Redican had reason to believe that MAPT intended to acquiesce to the demand. It is important to note that the bulk of this time was consumed by MAPT's failure to object to Mr. Redican's second jury demand. Thus, any assertion by MAPT that a motion for extension of

8

time should be denied because of extensive delay is not appropriate because such a delay is a result of MAPT's inaction.

While Mr. Redican has demonstrated reasons why a motion for an extension of time under Rule 6(b)(2) is proper, MAPT has failed to provide a sufficient reason to discourage this Court from granting Mr. Redican's motion. MAPT's memorandum states that permitting a jury trial would subject it to prejudice in the form of "additional scheduling requirements, providing for voir dire, preparation of jury instructions, and preparation of jury interrogatories, etc." (Plaintiff's Memorandum). What MAPT has raised here are simple procedural requirements of a jury trial, which are no more burdensome than a bench trial, and which are certainly not matters that prejudice a party. Prejudice requires that MAPT demonstrate that it would be placed at a disadvantage if the trial were to commence before a jury as opposed to a judge because MAPT could not sufficiently adapt its litigation strategy. *See Covington*, 1998 WL 642798, *3. MAPT has not presented reasons as to why it cannot get a fair determination of the facts from a jury at this point in the action. Further, MAPT cannot argue that this jury demand has been sprung on it because the demand was made over a year and a half ago. It would seem that any burden MAPT may have encountered could have been overcome during this time period.

Mr. Redican urges this Court that his failure to make a proper jury demand was the product of excusable neglect, that MAPT failed to raise a timely objection to Mr. Redican's jury demand pursuant to the First Amended Answer, and that MAPT has not demonstrated any tangible prejudice associated with trying the case before a jury. Thus, it is proper for this Court to grant Mr. Redican's motion for an extension of time to make a jury demand and grant the concurrently submitted jury demand.

## III. IT IS PROPER FOR THIS COURT TO EXERCISE ITS DISCRETION AND ORDER A TRIAL BY JURY PURSUANT TO RULE 39(B).

If this Court does not find it proper to grant Mr. Redican's motion pursuant to Rule 6(b)(2), Mr. Redican requests that this court grant his motion pursuant to rule 39(b) for this Court to exercise its discretion and order a jury trial. Rule 39(b) states that for "[i]ssues not demanded for trial by jury as provided in Rule 38 ... the court in its discretion upon motion may order a trial by jury of any or all issues." Fed. R. Civ. . 39(b). Many Circuits have adopted the policy that under Rule 39(b) the district courts should exercise their discretion and permit a trial by jury despite a belated demand, especially in the context of a *pro se* party. *See, e.g., Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) (noting that in the 11th Circuit the "general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'"); *Aetna Casualty & Surety Co. v. Jeppesen & Co.*, 642 F.2d 339, 341 (9th Cir.1981) (noting that the 9th Circuit permits relief from failure to make a proper jury request based on "mere inadvertence."); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983) (stating that "[i]n the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted."). The Second Circuit, on the other hand, takes a restrictive approach to Rule 39(b) motions. In *Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir.1967), the court held that it is necessary for the moving party to make a "showing beyond mere inadvertence." This standard has been extended to the context where the moving party is proceeding *pro se*. *Washington v. New York City Bd. of Estimate*, 709 F.2d 792, 797-98 (2d Cir.1983). But, the court's decision in *Washington* may be distinguished when the *pro se* party does not demonstrate particular competence in procedural matters. *Christensen v. Bristol-Myers Co.*, 1988 WL 96065, *3 (S.D.N.Y. 1988) (applying a narrowing reading of *Washington* on the grounds that in *Washington* the *pro se* party was "diligent in other demands

10

while proceeding *pro se*" and had not indicated a desire for a "jury trial until [plaintiff] received a court-appointed attorney five days before [plaintiff's] trial."). When the timing of the demand will not place "undue hardship and prejudice" on the other party (such as, not on the "eve of trial") and the *pro se* party "has not exhibited the relatively sophisticated legal capacities exhibited by the plaintiff in *Washington*," it may be proper to grant the *pro se* party's jury demand pursuant to Rule 39(b). *Id.*

Following the reasoning of *Christensen*, the high standard of *Washington*, holding *pro se* litigants to the same standard of litigants represented by counsel, is not appropriate to apply to Mr. Redican. As a *pro se* party, Mr. Redican demonstrated a lack of knowledge of proper procedure or sophistication as to the legal issues. *See* Plaintiff's Exhibits A-1,2; Defendant's Exhibit A. Further, Mr. Redican's jury demands, both to this Court via letter and in relation to the First Amended Answer, were made sufficiently early in this case so as not to be sprung on MAPT and place it in a prejudicial position. In light of these facts, it is proper for this Court to grant Mr. Redican's motion for a jury trial pursuant to Rule 39(b).

## CONCLUSION

The issues addressed above show that this Court should deny MAPT's motion to strike Mr. Redican's jury demand. Such a denial is appropriate because the jury demand was properly made pursuant to the First Amended Answer and Affirmative Defenses, Mr. Redican is entitled to an extension of time to make a jury demand, or this Court will exercise its discretion and order a jury trial.

Respectfully submitted,

_____
Stephen P. McNamara, (ct 01220)
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, CT 06905
Tel. (203) 324-6155
Fax: (203) 327-1096

Pro Bono Attorney for Defendant

12

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME FOR JURY DEMAND, MOTION FOR JURY TRIAL AND OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE JURY DEMAND**

is being served on all counsel of record, on this date, by first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum Street
Hartford, Connecticut 06130


March 1, 2005
Date

Stephen P. McNamara