**CBNO FOXWOOD.COM (CIS)**

CBNO FOXWOOD.COM (CIS)
ATTN: Ray Redican Jr. (CIS)
PO BOX 7381
LOWELL, MA 01852 USA

FILED
2003 APR 11 A 8:18
US DISTRICT COURT
BRIDGEPORT CT

FILED
2003 MAR 21 P 4:11

March 12, 2003

MASHANTUCKET PEQUOT
MASHANTUCKET PEQUOT GAMING ENTERPRISE
D/B/A FOXWOODS RESORT CASINO
PETER L. COSTAS
WADE T. BLACKMON
PLAINTIFF

CASE NO:
3-02-cv-1828JCH

V.

RAYMOND REDICAN, JR
COMMONWEALTH INTERNET SERVICES (CIS)
CENTER FOR BUSINESS & NOT FOR PROFIT
ORGANIZATIONS
FOXWOOD.COM (CIS)
FOXWOOD.ORG (CIS)
DEFENDANT

**Letter To Honorable Judge Janet C. Hall**

Peter L. Costas
Pepe & Hazard LLP
225 Asylum St
Hartford, CT 06103

Mashantucket Pequot
PO BOX 3125
Ledyard, CT 06339

Ray Redican jr.
CBNO FOXWOOD.COM (CIS)
PO BOX 7381
Lowell, MA 01852

Honorable Judge Janet C. Hall
915 Lafayette Blvd
Bridgeport, CT 06604

Ray Redican
PO Box 7381
Lowell MA USA

Raymond R Redican, jr
PoBox 7381
Lowell Ma 01852 USA

Honorable Judge Janet C. Hall,

I do not fully understand the process of proceeding. Shortly after filing our Motions To Dismiss I read a law book that said no action was required from Defendant's while awaiting Motions To Dismiss the ruling. I asked Peter Costas about this and he replied that he could not provide me with legal advice due to the circumstances.

If I as the Defendant am required to complete a Party Planning Meeting report would the Court be so kind as to write to me within the next few days and advise me of such.

For the record Defendant would like all meetings to be tape recorded telephonic conferences. Lastly Defendant is 100% certain that he wants this case if it has not already been dismissed to be heard by a Jury.

Ray Redican Jr
PO Box 7381
Lowell MA 01852 USA

Raymond R Redican Jr.
PO Box 7381
Lowell MA 01852 USA.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Letter to the Honorable Judge Janet C. Hall was mailed on this date to the following:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum St
Hartford, CT 06103

Mashantucket Pequot
PO BOX 3125
Ledyard, CT 06339

Ray Redican Jr.
CBNO FOXWOOD.COM (CIS)
PO BOX 7381
Lowell, MA 01852 USA

Honorable Judge Janet C. Hall
915 Lafayette Blvd
Bridgeport, CT 06604

Dated: March 12, 2003

Respectfully Submitted

Ray Redican Jr.
PO BOX 7381
Lowell, MA 01852 USA
dba CBNO FOXWOOD.COM (CIS)
COMMONWEALTH INTERNET SERVICES
(CIS)

- 3 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE MASHANTUCKET PEQUOT TRIBE ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> RAYMOND REDICAN, JR. ) <br> ) <br> Defendant ) | CIVIL ACTION NO. <br> 3:02 CV 1828 (JCH) |

## STIPULATED SCHEDULING ORDER

Pro Bono counsel for the above Defendant has recently appeared in the above action and the parties desire to establish a schedule for proceedings in the action. Now, therefore, it is agreed that the following schedule shall be adopted in the above action:

| | |
|---|---|
| July 1, 2003 | Defendant may file a Second Amended Answer, Affirmative Defenses and Counterclaims |
| July 1, 2003 | Defendant will refile any motion to dismiss or transfer. If a motion to dismiss or transfer is filed, discovery as to matters other than jurisdictional issues, and the due dates for expert reports, close of discovery and dispositive motions will be scheduled after decision on such motion to dismiss or transfer. |
| July 10, 2003 | Defendant shall answer the Plaintiff's first Sets of Interrogatories and Requests For Documents directed to jurisdictional issues |
| July 31, 2001 | Deposition of Defendant and other jurisdictional discovery to be completed |
| August 15, 2003 | Plaintiff's Opposition to Defendant's Motion To Dismiss Or Transfer will be due. |

The parties further jointly request that any other scheduled dates be cancelled. After completion of the jurisdictional issues, the parties will jointly submit an additional

agreed-on scheduling order setting dates for additional discovery etc. if further proceedings are necessary in this court.

The parties further stipulate that in the event that Defendant enters the jurisdiction of the District of Connecticut for purposes of deposition by Plaintiff, that such travel to the District of Connecticut shall not be deemed submission to personal jurisdiction over Defendant and shall not be used as evidence and shall not establish personal jurisdiction of the District of Connecticut over Defendant.

Respectfully submitted,

June 11, 2003
Date

Peter L. Costas, ct04260
PEPE & HAZARD LLP
225 Asylum Street
Goodwin Square
Hartford, Connecticut 06103-4302
ATTORNEYS FOR PLAINTIFF

June 9, 2003
Date

Stephen P. McNamara, ct01220
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, CT 06905-5619
(203) 324-6155

ATTORNEYS FOR DEFENDANT

SO ORDERED:

6/19/03
Date

Honorable Janet C. Hall
United States District Judge

BRIDGEPORT CT
US DISTRICT COURT
2003 JUN 23
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2003 JUL -1 A 11:28
US DISTRICT COURT
BRIDGEPORT CT

COPY

-----------------------------------------------------------x
THE MASHANTUCKET PEQUOT TRIBE

    Plaintiff

v.

RAYMOND REDICAN, JR. D/B/A CBNO
FOXWOOD.COM (CIS)

    Defendant.
-----------------------------------------------------------x

CIVIL ACTION NO.
3:02 CV 1828 (JCH)

JULY 1, 2003

## DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Raymond Redican, Jr. d/b/a CBNO FOXWOOD.COM (CIS) (hereinafter "Redican" or "Defendant"), by his attorney, hereby answers the Plaintiff's Complaint, answering the numbered paragraphs thereof as follows:

1. The allegations of paragraph 1 are admitted.

2. It is admitted that Raymond Redican, Jr. is a resident of Massachusetts. Otherwise, the allegations of paragraph 2 are denied.

3. The allegations of paragraph 3 are admitted.

4. This paragraph states legal conclusions that require no response.

5. Defendant denies that the court has subject matter jurisdiction of this action. Defendant denies that venue is proper.

6. Defendant lacks information sufficient to form a belief as to the matter asserted and

accordingly the allegations of paragraph 6 are denied.

7. Defendant lacks information sufficient to form a belief as to the matter asserted and accordingly the allegations of paragraph 7 are denied.

8. Defendant lacks information sufficient to form a belief as to the matter asserted and accordingly the allegations of paragraph 8 are denied.

9. The allegations of paragraph 9 are admitted.

10. Defendant lacks information sufficient to form a belief as to the matter asserted and accordingly the allegations of paragraph 10 are denied

11. Defendant admits that a representative of Global Communications Internetworking Corporation registered the domain name foxwood.com on behalf of the Defendant. The remaining allegations of this paragraph are denied.

12. Defendant admits at one time he had obtained the registration of foxwood.org. However, that domain name registration is now acquired by an entity in Hong Kong. The remaining allegations of this paragraph are denied.

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 pertaining to the Plaintiff advising the Defendant are

admitted. The remaining allegations are denied

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are admitted; further answering, Defendants states that it does not use the Plaintiff's tradename and mark.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 31.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied.

35. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 35.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

38. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 38.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

41. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 41.

42. The allegations of paragraph 42 are denied.

43. The allegations of paragraph 43 are denied.

44. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 44.

45. The allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 are denied.

47. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 47.

48. The allegations of paragraph 48 are admitted.

49. The allegations of paragraph 49 are admitted.

50. The allegations of paragraph 50 are denied.

51. The allegations of paragraph 51 are denied.

52. The allegations of paragraph 52 are admitted.

53. The allegations of paragraph 53 are denied

54. The allegations of paragraph 54 are denied.

## AFFIRMATIVE DEFENSES

1. Defendant is not subject to personal jurisdiction in Connecticut.
2. Venue is improper in the District of Connecticut.
3. Service of process of the complaint made upon Defendant Redican was improper.
4. Plaintiff's claims are barred by laches.
5. Plaintiff has unclean hands.
6. Plaintiff lacks legal standing to assert the claims asserted herein, since as a sovereign entity that does not submit to the jurisdiction of this court when claims

are asserted against the Plaintiff, it has no right to seek redress in this court when asserting claims against others.

WHEREFORE, Defendant prays that all of the counts of the complaint be dismissed with prejudice, and that Defendant Raymond Redican, Jr. d/b/a CBNO FOXWOOD.COM (CIS) be awarded costs in defending the action filed by Plaintiff herein.

Respectfully submitted,

_____
Stephen P. McNamara, (ct 01220)
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, CT 06905
Tel. (203) 324-6155
Fax: (203) 327-1096

Pro Bono Attorney for Defendant

6

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

**DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

is being served on all counsel of record, on this date, by first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum Street
Hartford, Connecticut 06130


June 30, 2003
Date

Stephen P. McNamara

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------x

THE MASHANTUCKET PEQUOT TRIBE

    Plaintiff

v.

RAYMOND REDICAN, JR. D/B/A CBNO
FOXWOOD.COM (CIS)

    Defendant.

----------------------------------------x

CIVIL ACTION NO.
3:02 CV 1828 (JCH)

JULY 3, 2003

## JURY DEMAND

Defendant, Raymond Redican, Jr. hereby requests a trial by jury on all claims and issues so triable.

July 3, 2003
Date

Respectfully submitted,

Stephen P. McNamara (ct01220)
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Pro Bono Attorney for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

**JURY DEMAND**

is being served on all counsel of record, on this date, by first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum Street
Hartford, Connecticut 06130


7/3/03
Date

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME FOR JURY DEMAND, MOTION FOR JURY TRIAL AND OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE JURY DEMAND**

is being served on all counsel of record, on this date, by first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum Street
Hartford, Connecticut 06130


March 1, 2005
Date

Stephen P. McNamara