UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2005 MAR 10  P 1: 55

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

| | | |
|---|---|---|
| THE MASHANTUCKET PEQUOT TRIBE | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1828 (JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND REDICAN, JR. | ) | |
| | ) | MARCH 9, 2005 |
| Defendant | ) | |

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO STRIKE JURY DEMAND

Plaintiff, The Mashantucket Pequot Tribe (hereinafter "MAPT") submits this reply memorandum in support of its Motion to Strike the Demand for a Jury Trial belatedly filed by Raymond J. Redican, Jr. (hereinafter "Redican") on July 7, 2003. In short, MAPT submits that its Motion to Strike should be granted because Redican had closed the pleadings by his original answer on January 2, 2003.

In its Motion to Strike, MAPT argues that Redican's demand was long overdue. He filed his original answer on January 2, 2003, making any jury demand due by January 16, 2003 under the ten-day deadline imposed by Fed. R. Civ. P. 38(b). In response,[1] Redican's sole argument appears to be that the filing of his "First Amended Answer and Affirmative Defenses" (hereinafter "Amended Answer") on July 1, 2003 restarted the ten day clock for filing a jury demand. This argument fails for the simple reason that the filing of an amended

1

PLC/28411/653/717012v1
03/08/05-HRT/

pleading will not grant the defendant a fresh ten days in which to demand a jury. Accordingly, the jury demand filed on July 7, 2003 was late and should be stricken.

Rule 38 is clear that a jury demand must be filed "not later than 10 days after the service of the last pleading directed to such issue . . . ." Fed. R. Civ. P. 38(b). According to Redican, this "last pleading" mentioned in the Rule is his Amended Answer dated July 1, 2003, and only on that date did the clock begin to run on his time to demand a jury.

This argument is belied by the plain language of the Rule and by case law. In identifying that "last pleading" for purposes of a jury demand, the Court must determine what "issue" that pleading raises. And this pleading will only be considered the "last pleading" when it raises *new issues* not raised in the previous pleadings. Lanza v. Drexel & Co., 478 F.2d 1277, 1310 (2d Cir. 1973) ("If the original [pleading] is subsequently amended, the right to demand a jury trial is revived in an action such as this only if the amendment changes the issues." (citing Western Geophysical Co. of America, Inc. v. Bolt Assocs., Inc., 440 F.2d 765, 769 (2d Cir. 1971))). See also Rosen v. Dick, 639 F.2d 82, 94 (2d Cir. 1980) ("If new issues are raised, they are not covered by an initial waiver because the waiving party has never had an opportunity to consider whether he wants a jury trial as to issues which were not previously part of the case."); Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein, 243 F.3d 1086, 1090 (7th Cir. 2001) ("supplemental pleadings do not extend the jury demand time, except as to any new issues which are raised for the first time by the supplemental pleadings.").

---

[1] Redican responded on March 2, 2005, filing a memorandum of law combining his opposition to MAPT's Motion to Strike with a motion of his own, a motion to extend time to file a jury demand. MAPT will be filing a separate memorandum in opposition to Redican's motion for an extension of time.

Here, Redican claims that his Amended Answer raises a "new issue," namely the affirmative defense of laches, thereby making his jury demand timely. But simply pleading a new defense does not inject a "new issue" into the case. By adding the new defense of laches, Redican has simply pleaded a new legal theory, and "the presentation of a new *theory* [of recovery] does not constitute the presentation of a new *issue* on which a jury trial should be granted." Rosen, 639 F.2d at 94 (emphasis and brackets in original; internal quotation marks and citation omitted); National Union Fire Ins. v. L.E. Myers Co. Group, 928 F. Supp. 394, 396 (S.D.N.Y. 1996).

Here, the "issues" have remained constant since the service of MAPT's complaint and Redican's original answer. The case is still about the same trademark dispute that was identified in MAPT's complaint, and all that Redican has done with his latest amended answer is claim a new defense to this same action. Quite simply, Redican's Amended Answer, as it does not raise any new issues, will not be considered "the last pleading directed to [a triable] issue" under Rule 38, making his jury demand untimely.

For these reasons, as well as those articulated in MAPT's Motion to Strike dated February 2, 2005, Redican's jury demand should be stricken.

THE MASHANTUCKET PEQUOT TRIBE

By_____
Peter L. Costas
ct04260
PEPE & HAZARD LLP
225 Asylum Street
Hartford, Connecticut 06103
(860) 241-2630

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served by E-Mail and by first class mail, postage prepaid, upon Stephen P. McNamara, St. Onge Steward Johnston & Reens LLC, 986 Bedford Street, Stamford, Connecticut 06905.

Date: March 9, 2005

_____
Peter L. Costas

PLC/28411/653/717012v1
03/08/05-HRT/