UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MASHANTUCKET PEQUOT TRIBE | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1828 (JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND REDICAN, JR. | ) | |
| | ) | MARCH 9, 2005 |
| Defendant | ) | |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR EXTENTION OF TIME
FOR JURY DEMAND AND MOTION FOR JURY TRIAL

Plaintiff, The Mashantucket Pequot Tribe (hereinafter "MAPT"), submits this

memorandum of law in opposition to the motion for extension of time for jury demand and

motion for jury trial filed by defendant Raymond J. Redican, Jr. (hereinafter "Redican").

Redican's motion for extension of time should be denied because Redican has not

demonstrated that his failure to serve a demand for jury trial was the product of "excusable

neglect" such as would merit an extension of time under Rule 6(b). The Court should also

deny Redican's alternate request for relief, namely that it order a jury trial pursuant to Fed. R.

Civ. P. 39(b), because Redican has not shown that the Court should exercise its discretion to

so act. In the end, Redican's various efforts to secure a jury trial—long after the time limit to

do so has come and gone—should be denied, and this case should proceed to trial before the Court in short order[1].

## FACTUAL BACKGROUND

MAPT first brought this action, a complaint for trademark infringement, against Redican on October 12, 2002. Upon being served with the Complaint, Redican, acting *pro se*, began filing papers with this Court. Without any assistance from counsel, Redican was able to file the following papers:

- 12/13/2002    Motion to Dismiss and Enter Judgment (Exhibit A)[2];
- 12/16/2002    Motion for Appointment of Counsel (Exhibit B);
- 12/17/2002    Motion to Dismiss (Exhibit C);
- 1/2/2003      Answer: Unamended Response to Complaint (Exhibit D);
- 1/24/2003     Answer: Amended Response to Complaint (Exhibit E); and
- 3/21/2003     Letter to Court with purported jury demand (Exhibit F).

On April 24, 2003, after Redican had filed all of the above papers on his own, the Court appointed *pro se* counsel to represent Redican, and *pro se* counsel filed his appearance on April 30, 2003. Redican (and his *pro se* counsel) did not file anything else with the Court until July 2003, when his counsel filed the following: Amended Answer and Affirmative Defenses (7/1/2003); Motion to Dismiss (7/1/2003); Memorandum in Support of Motion to Dismiss (7/1/2003); and Demand for Jury Trial (7/3/2003). Following a telephone conference with the Court in which MAPT's counsel pointed out that the juyry demand was not timely

---

[1] Concurrently with the filing of this opposition, MAPT is filing a separate reply memorandum in response to Redican's opposition to the motion to strike the jury demand.

[2] For the Court's convenience, MAPT is attaching as exhibits only the first pages of pleadings that are voluminous.

2

filed, MAPT moved to strike the jury demand on February 2, 2005, and Redican filed the

present motion for extension of time and motion for jury trial, along with an opposition to

MAPT's motion to strike.

## ARGUMENT

### I.    The Court Should Deny Redican's Request For An Extension Based On "Excusable Neglect."

Under Fed. R. Civ. P. 6(b)(2), following the expiration of the time period the rules

give parties in which to act, the court may grant an extension of time for good cause and

"where the failure to act was the result of excusable neglect . . . ."  Extensions of time under

Rule 6(b)(2) are available for jury trial demands under Rule 38(b), as the Second Circuit stated

in Raymond v. International Business Machines Corp., 148 F.3d 63, 66 (2d Cir. 1998).  In so

holding, the Second Circuit quoted the language from the United States Supreme Court in

Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380

(1993) in which the Court stated:

> [I]t is not surprising . . . that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

Id. at 391-92; See also Canfield v. Van Adda Buick, 127 F.3d 248, 250 (2d Cir. 1997)

(holding that Pioneer's more liberal definition of excusable neglect is applicable beyond the

bankruptcy context in which it arose).

Thus, as the Raymond Court stated, the relevant inquiry into what constitutes "excusable

neglect" is "at bottom an equitable one, taking account of all relevant circumstances

surrounding the parties omission," including prejudice to the other party, the reason for the

delay, the length of the delay, and whether the movant acted in good faith.  148 F.3d at 66

(quoting Pioneer, 507 U.S. at 395).

Applying these equitable criteria to this case, Redican's request for an extension should

be denied.  First, Redican has demonstrated sufficient familiarity with the rules to expect him

to have filed his jury demand on time.  Second, when *pro se* counsel was assigned to represent

Redican, he could have immediately demanded a jury trial, but did not.  Finally, the granting

of an extension, and the insertion of a jury into this already long overdue case, would prejudice

MAPT by delaying the resolution of this matter and increasing the time for trial and the legal

costs for MAPT.  For these reasons, the motion to extend time should be denied.

### A.    Redican had sufficient knowledge of the Rules to be aware of the jury demand requirement.

Despite the fact that he is not an attorney, Redican has demonstrated considerable

familiarity with the Federal Rules of Civil Procedure and the requirements found therein for

pleading.  For example, upon being served with MAPT's Complaint, Redican knew enough to

file several papers, including an appearance, motions for extensions of time to plead, motions

to dismiss, and two answers to the Complaint.  Redican even knew that he had to file a demand

for jury trial and he in fact did so, requesting a jury trial in a letter to the Court filed on March

21, 2003—more than two months too late.  Redican has provided no explanation for this late

filing beyond claiming an unfamiliarity with the Federal Rules.  Defendant's Memorandum of

Law in Support of Its Motion for Extension of Time for Jury Demand, Motion for Jury Trial

and Opposition to Plaintiff's Motion to Strike Jury Demand ("Defendant's Memorandum"), at

4

8.  But even if Redican were completely ignorant of the Federal Rules, "ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ." Pioneer, 507 U.S. at 392.

Furthermore, Redican's one-time status as a *pro se* defendant should not entitle him to any special treatment in terms of requesting an extension of time under Rule 6.    While *pro se* parties may be given some flexibility for certain filings, the Second Circuit has held that demands for jury trials should not be subject to such flexibility.  Washington v. New York City Bd. of Estimate, 709 F.2d 792, 795, 798 (2d Cir. 1983), cert. denied, 464 U.S. 1013, 104 S.Ct. 537, 78 L.Ed.2d 717 (1983) (denying untimely application for a jury trial to a *pro se* plaintiff).  And while Redican is seeking an extension of time under Rule 6, the ultimate goal of his motion is to demand a jury trial.  Therefore, the court should consider this motion under the more stringent standard for *pro se* motions seeking jury trials advocated by Washington and deny Redican special treatment simply because he at one time acted *pro se*.

### B.    Upon his appointment, Redican's counsel did not act promptly to demand a jury trial.

Redican represented himself in this case until April 24, 2003, at which point the Court appointed counsel to represent him.  Redican's counsel could have, in an abundance of caution, immediately demanded a jury trial.  Instead, counsel waited until July 3, 2003 to do so, and even then only demanded a jury trial after first filing a motion to dismiss, memorandum of law in support of the motion to dismiss, and an amended answer.  Even if Redican, when acting *pro se*, could be excused for failing to file a timely jury demand (and, as explained above, he should not), this discrepancy could easily have been rectified upon appointment of counsel.

PLC/28411/653/717164v1
03/09/05-HRT/

Redican has volunteered no explanation why it was not, and therefore has failed to demonstrate "excusable neglect" meriting an extension of time under Rule 6(b)(2).

### C.    MAPT will be prejudiced by an extension of time and attendant jury trial.

A finding that Redican's failure to timely file his jury demand was the result of "excusable neglect," the subsequent granting of an extension of time under Rule 6, and putting this case before a jury, would be prejudicial to MAPT. As such, the Court should deny the extension under the equitable principles set forth by the Second Circuit and Supreme Court in Raymond and Pioneer.

MAPT first brought this case in October 2002. Since that time, Redican has filed numerous requests for extensions of time and the matter has been delayed long beyond MAPT's expectations. Putting this matter before a jury would delay still further the trial of this case by introducing additional scheduling requirements, providing for *voir dire*, preparation of jury instructions, and preparation of jury interrogatories, etc.

As matters now stand, MAPT believes that this case can be resolved only by the Court following a hearing. Since the case is more than 27 months old, it is likely that the Court could schedule a two-day bench trial in the near future. If the matter were now to require a jury trial, the trial date would undoubtedly be months later. Additional time and costs would be required for *voir dire*, jury instructions, jury interrogatories, etc. This would clearly prejudice MAPT. For these reasons, the Court should refuse to grant any extension of time.

6

## II.    The Court Should Not Order A Jury Trial Under Rule 39(b).

As an alternate remedy, Redican asks the Court to exercise its discretion and order a

jury trial under Fed. R. Civ. P. 39(b).  Redican recognizes, however, that the Second Circuit

interprets Rule 39(b) more stringently than do other courts, and requires a party seeking the

appointment of a jury, following a failure to properly demand one in accordance with Rule 38,

to make a "showing beyond mere inadvertence."  Noonan v. Cunard Steamship Co., 375 F.2d

69, 70 (2d Cir. 1967).  Redican also notes that the Second Circuit is no more generous when

the party at issue is acting *pro se*.  Washington, 709 F.2d 792, 797-98 (2d Cir. 1983).  But

Redican then attempts to argue that these requirements should be relaxed when the *pro se* party

"does not demonstrate particular competence in procedural matters" and when the timing of

the demand "will not place 'undue hardship and prejudice' on the other party (such as, not on

the 'eve of trial')".  Defendant's Memorandum, at 10-11.

This argument is misplaced for two reasons.  First, Redican has not proved to be

incompetent regarding procedural matters.  As explained above, before the Court appointed

counsel to represent him, Redican was able to file several papers, including an appearance,

motions for extensions of time to plead, motions to dismiss, two *pro se* answers to MAPT's

complaint, and even a (late) demand for jury trial.  Second, Redican is asking the Court to

grant a jury trial at a time that would be quite prejudicial to MAPT—indeed, this request

comes all but "on the eve of trial" as the parties are ready to proceed with a bench trial, which

the Court could schedule in the near future and which could be completed in two days.  For

both of these reasons, the Court should refuse to exercise its discretion under Rule 39(b), and

should deny Redican's request for a jury trial.

7

## CONCLUSION

For these reasons, Redican's motion for an extension of time under Rule 6(b)(2), as well as his motion for a jury trial under Rule 39(b), should be denied.

THE MASHANTUCKET PEQUOT TRIBE

By _____

Peter L. Costas
ct04260
PEPE & HAZARD LLP
225 Asylum Street
Hartford, Connecticut 06103
(860) 241-2630

8

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served by E-Mail and by first class mail, postage prepaid, upon Stephen P. McNamara, St. Onge Steward Johnston & Reens LLC, 986 Bedford Street, Stamford, Connecticut 06905.

Date:  March 9, 2005

_____
Peter L. Costas

PLC/28411/653/717164v1
03/09/05-HRT/

# EXHIBIT A

The MASHANTUCKET PEQUOT TRIBE                    CASE NUMBER: 302CV1828JCH
                    Plaintiff
                       V.
        RAYMOND REDICAN, JR
                    Defendant


# MOTION TO DISMISS COMPLAINT AND ENTER JUDGMENT IN FAVOR OF DEFENDANT


To: Peter L. Costas                          Mashantucket Pequot Tribal Nation
Pepe & Hazard LLP                            PO BOX 3125
225 Asylum St                                Mashantucket, CT 06339
Hartford, CT 06103


Raymond R. Redican jr. the defendant in the above-entitled action, moves the

court for an order dismissing the complaint in the action and directing entry of judgment

in favor of defendant under the provisions of Connecticut General statutes Annotated

Title 42.  Business, Selling, Trading and Collection Practices Chapter 735A.  Unfair

Trade Practices §42-110g(f) and granting defendant such other and further relief as the

court may deem proper, including defendant's costs of suit.


This motion is made on the ground that plaintiff's action has no merit, in that:  the

action is barred by the statute of limitations, §42-110g(f).


DEC 1 2 2002

CERTIFICATE OF SERVICE

This is to certify that the foregoing Motion To Dismiss Complaint And Enter Judgement

In Favor of Defendant was mailed on this date to the following:


Peter L. Costas                          Mashantucket Pequot Tribal Nation
Pepe & Hazard LLP                        PO BOX 3125
225 Asylum St                            Mashantucket, CT 06339
Hartford, CT 06103


Dated:  December 10, 2002


                    Respectfully Submitted

                    Ray Redican jr.
                    PO BOX 7381
                    Lowell, MA 01852 USA
                    dba CBNO FOXWOOD.COM (CIS)
                    COMMONWEALTH INTERNET SERVICES (CIS)

C.G.S.A. § 42-110g

CONNECTICUT GENERAL STATUTES ANNOTATED
TITLE 42. BUSINESS, SELLING, TRADING AND COLLECTION PRACTICES
CHAPTER 735A. UNFAIR TRADE PRACTICES

Copr. © West Group 2002. All rights reserved.

Current through 2002 February Regular
and May 9 Special Sessions

§ 42-110g. Action for damages. Class actions. Costs and fees. Equitable relief. Jury trial

(a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper.

(b) Persons entitled to bring an action under subsection (a) of this section may, pursuant to rules established by the judges of the Superior Court, bring a class action on behalf of themselves and other persons similarly situated who are residents of this state or injured in this state to recover damages.

(c) Upon commencement of any action brought under subsection (a) of this section, the plaintiff shall mail a copy of the complaint to the Attorney General and the Commissioner of Consumer Protection and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the Attorney General and the Commissioner of Consumer Protection.

(d) In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. In a class action in which there is no monetary recovery, but other relief is granted on behalf of a class, the court may award, to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorneys' fees. In any action brought under this section, the court may, in its discretion, order, in addition to damages or in lieu of damages, injunctive or other equitable relief.

(e) Any final order issued by the Department of Consumer Protection and any permanent injunction, final judgment or final order of the court made under section 42-110d, 42-110m, 42-110o or 42-110p shall be prima facie evidence in an action brought under this section that the respondent or defendant used or employed a method, act or practice prohibited by section 42-110b, provided this section shall not apply to consent orders or judgments entered before any testimony has been taken.

(f) An action under this section may not be brought more than three years after the occurrence of a violation of this chapter.

(g) In any action brought by a person under this section there shall be a right to a jury trial except with respect to the award of punitive damages under subsection (a) of this section or the award of costs, reasonable attorneys' fees and injunctive or other equitable relief under subsection (d) of this section.

CREDIT(S)

1992 Main Volume

(1973, P.A. 73-615, § 7, eff. July 1, 1973; 1974, P.A. 74-183, § 174, eff. Dec. 31, 1974; 1975, P.A. 75-618, § 5, eff. July 1, 1975; 1976, P.A. 76-303, § 3, eff. June 1, 1976; 1978, P.A. 78-280, § 2, eff. July 1, 1978; 1978, P.A. 78-346, § 2; 1979, P.A. 79-210, § 1; 1984, P.A. 84-468, § 2, eff. June 8, 1984; 1995, P.A. 95-123, § 1.)

<General Materials (GM) - References, Annotations, or Tables>

# EXHIBIT B

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

The Mashantucket Pequot Tribe
Name of Plaintiff/Petitioner

v.                                    Case No. 302CV1828JCH

Raymond R. Redican jr
Name of Defendant/Respondent

## MOTION FOR APPOINTMENT OF COUNSEL

### PERSONAL/FINANCIAL DATA

1.    Your full name: Raymond R. Redican jr.

Your present mailing address: PO Box 7381 Lowell

MA 01852 USA

Telephone number: (978) 458-7625

2.    Are you presently employed? YES ___ NO ✓

3.    If your answer to #2 is YES, please provide the name and address of your employer
and the amount of your usual weekly earnings. _____

_____    _____

_____

Weekly earnings: _____

4.    If you are not presently employed, please provide the name and address of your
last employer, the date (approximate) that you last worked, and the amount of
weekly earnings you were receiving. _____

LightBridge    Wyman St    Waltham MA

World Headquarters 67 South Bedford St
Burlington Ma.

DEC 1 2 2002

# EXHIBIT C

The MASHANTUCKET PEQUOT TRIBE
Plaintiff
V.
RAYMOND REDICAN, JR
Defendant

CASE NUMBER: 302CV1828JCH

## MOTION TO DISMISS COMPLAINT AND ENTER JUDGMENT IN FAVOR OF DEFENDANT

To:  Peter L. Costas
Pepe & Hazard LLP
225 Asylum St
Hartford, CT 06103

Mashantucket Pequot Tribal Nation
PO BOX 3125
Mashantucket, CT 06339

Ray Redican jr
PO BOX 7381
Lowell MA 01852
United States Of America

Honorable Judge Janet C Hall
915 Lafayette Blvd
Bridgeport, Ct06604

Raymond R. Redican jr. the defendant in the above-entitled action, moves the

court for an order dismissing the complaint in the action and directing entry of judgment

in favor of defendant under the provisions of Connecticut General statutes Annotated

Title 42.  Business, Selling, Trading and Collection Practices Chapter 735A.  Unfair

Trade Practices §42-110g(f) and granting defendant such other and further relief as the

court may deem proper, including defendant's costs of suit.

This motion is made on the ground that plaintiff's action has no merit, in that:  the

action is barred by the statute of limitations, §42-110g(f).

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Motion To Dismiss Complaint And Enter Judgement

In Favor of Defendant was mailed on this date to the following:


Peter L. Costas                          Mashantucket Pequot Tribal Nation
Pepe & Hazard LLP                        PO BOX 3125
225 Asylum St                            Mashantucket, CT 06339
Hartford, CT 06103


Ray Redican jr                           Honorable Judge Janet C Hall
PO BOX 7381                              915 Lafayette Blvd
Lowell MA 01852                          Bridgeport, Ct06604
United States Of America


Dated:  December 10, 2002


Respectfully Submitted

Ray Redican jr.
PO BOX 7381
Lowell, MA 01852 USA
dba CBNO FOXWOOD.COM (CIS)
COMMONWEALTH INTERNET SERVICES (CIS)

**EXHIBIT D**

The MASHANTUCKET PEQUOT TRIBE  **CASE NUMBER: 302CV1828JCH**
Plaintiff
V.
RAYMOND REDICAN, JR
Defendant

<u>ANSWER: UNAMENDED RESPONSE TO COMPLAINT</u>

To: Peter L. Costas     Mashantucket Pequot Tribal Nation
Pepe & Hazard LLP     PO BOX 3125
225 Asylum St      Mashantucket, CT 06339
Hartford, CT 06103

Ray Redican jr      Honorable Judge Janet C Hall
PO BOX 7381      915 Lafayette Blvd
Lowell MA 01852     Bridgeport, Ct06604
United States Of America

   Numerated Paragraph 1 To be determined/Agree upon information and belief;

Numerated Paragraph's 2, 4-8, 10, 13-16, 19-26, 28-30, 32-34, 36-37, 39-40, 42-43, 45-

46, 51, 53-54 Deny; Numerated Paragraph's 3, 48-49, 52 Agree; Numerated Paragraph 9

Deny as to Registration No. 1,933,316; Numerated Paragraph 11 Agree as to the

registration of FOXWOOD.COM, Deny as to appropriating Complainants mark;

Numerated Paragraph 12 Agree as to the registration of FOXWOOD.ORG, Deny as to

appropriating Complainants mark; Numerated Paragraph 17 Agree in part as to Plaintiff

advising Defendant, Deny in part that these registrations were improperly obtained;

Numerated Paragraph 18 Agree in part as to hosting advertisements, Deny in part as to

confusion; Numerated Paragraph 27 Absolutely Deny; Numerated Paragraph's 31, 35,

RAY Redican
Po Box 7381
Lowell MA 01852 USA

Raymn L Rur
PoBox 7381
Lowell Ma 01852 USA

38, 41, 44, 47, 50 Defendant repeats the answers corresponding within Numerated

Paragraphs 1-25 of this Response as it fully set forth hereinafter.

RAY Red'can
PO BOX 7381
Lowell MA 01852

PO BOX 7381
Lowell Ma 01852 USA

2

PO BOX 7381
Lowell MA 01852

PO BOX 7381
Lowell Ma 01852 USA.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Unamended Response To Complaint was mailed on

this date to the following:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum St
Hartford, CT 06103

Mashantucket Pequot Tribal Nation
PO BOX 3125
Mashantucket, CT 06339

Ray Redican jr
PO BOX 7381
Lowell MA 01852
United States Of America

Honorable Judge Janet C Hall
915 Lafayette Blvd
Bridgeport, CT 06604

Dated:  December 27, 2002

Respectfully Submitted

Ray Redican jr.
PO BOX 7381
Lowell, MA 01852 USA
dba CBNO FOXWOOD.COM (CIS)
COMMONWEALTH INTERNET SERVICES (CIS)

Ray Redican
PO BOX 738
Lowell MA 01852 USA

PO BOX 738
Lowell Ma 01852 USA.

3

# EXHIBIT E

The **MASHANTUCKET PEQUOT TRIBE**          CASE NUMBER: 302CV1828JCH
                    **Plaintiff**
                       **V.**
        **RAYMOND REDICAN, JR**
                    **Defendant**


## ANSWER: AMENDED RESPONSE TO COMPLAINT


To:  Peter L. Costas              Mashantucket Pequot Tribal Nation
Pepe & Hazard LLP                 PO BOX 3125
225 Asylum St                     Mashantucket, CT 06339
Hartford, CT 06103


Ray Redican jr                    Honorable Judge Janet C Hall
PO BOX 7381                       915 Lafayette Blvd
Lowell MA 01852                   Bridgeport, Ct06604
United States Of America


## CONSTITUTIONAL RIGHTS

I hereby invoke my First Amendment Rights to continue the operation of http://www.foxwood.com and http://www.foxwood.org to protect my freedom of speech and press and to promote religion, my 14th Amendment (Citizenship Rights) which if this case has not already been dismissed I think it is proper to be heard in the State where I reside – Massachusetts or Virginia [Exhibit A Terms and Conditions of Use] as well as the Sec. 3008 Savings Clause's defense under section 43 (c) (4).

JAN 2 3 2003

# EXHIBIT F

**CBNO FOXWOOD.COM (CIS)**

CBNO FOXWOOD.COM (CIS)
ATTN: Ray Redican Jr. (CIS)
PO BOX 7381
LOWELL, MA 01852 USA

March 12, 2003

MASHANTUCKET PEQUOT
MASHANTUCKET PEQUOT GAMING ENTERPRISE
D/B/A FOXWOODS RESORT CASINO
PETER L. COSTAS
WADE T. BLACKMON
PLAINTIFF

CASE NO:
3-02-cv-1828JCH

V.

RAYMOND REDICAN, JR
COMMONWEALTH INTERNET SERVICES (CIS)
CENTER FOR BUSINESS & NOT FOR PROFIT
ORGANIZATIONS
FOXWOOD.COM (CIS)
FOXWOOD.ORG (CIS)
DEFENDANT

<u>Letter To Honorable Judge Janet C. Hall</u>

Peter L. Costas
Pepe & Hazard LLP
225 Asylum St
Hartford, CT 06103

Mashantucket Pequot
PO BOX 3125
Ledyard, CT 06339

Ray Redican jr.
CBNO FOXWOOD.COM (CIS)
PO BOX 7381
Lowell, MA 01852

Honorable Judge Janet C. Hall
915 Lafayette Blvd
Bridgeport, CT 06604

MAR 1 4 2003

Honorable Judge Janet C. Hall,

I do not fully understand the process of proceeding.  Shortly after filing our Motions To Dismiss I read a law book that said no action was required from Defendant's while awaiting Motions To Dismiss the ruling.  I asked Peter Costas about this and he replied that he could not provide me with legal advice due to the circumstances.

If I as the Defendant am required to complete a Party Planning Meeting report would the Court be so kind as to write to me within the next few days and advise me of such.

For the record Defendant would like all meetings to be tape recorded telephonic conferences.  Lastly Defendant is 100% certain that he wants this case if it has not already been dismissed to be heard by a Jury.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Letter to the Honorable Judge Janet C. Hall was

mailed on this date to the following:


Peter L. Costas                     Mashantucket Pequot
Pepe & Hazard LLP                   PO BOX 3125
225 Asylum St                       Ledyard, CT 06339
Hartford, CT 06103


Ray Redican Jr.                     Honorable Judge Janet C. Hall
CBNO FOXWOOD.COM (CIS)              915 Lafayette Blvd
PO BOX 7381                         Bridgeport, CT 06604
Lowell, MA 01852 USA



Dated:  March 12, 2003


Respectfully Submitted

Ray Redican Jr.
PO BOX 7381
Lowell, MA 01852 USA
dba CBNO FOXWOOD.COM (CIS)
COMMONWEALTH INTERNET SERVICES
(CIS)