IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------x
:
THE MASHANTUCKET PEQUOT TRIBE       :
: CIVIL ACTION NO.
Plaintiff           : 3:02 CV 1828 (JCH)
v.                                  :
:
RAYMOND REDICAN, JR. D/B/A CBNO     :
FOXWOOD.COM (CIS)                   :
: March 17, 2005
Defendant.           :
:
------------------------------------------------------------------x

## DEFENDANT'S REPLY TO OPPOSITION TO
## MOTIONS FOR EXTENSION OF TIME AND FOR JURY TRIAL

Plaintiff essentially concedes that the issue of whether to grant a jury trial is a matter of the Court's discretion. In this case, for the reasons given in Defendant's memorandum, it is appropriate to exercise that discretion. In particular, Mr. Redican filed a March 21, 2003 letter to Judge Hall letter requesting a jury, which document was re-filed and entered on April 11, 2003. (See Memorandum Exhibit A). Under F.R.Civ.P. 12(a)(4)(A), Mr. Redican's answer was not due until April 20, 2003, ten days after the denial of his motion to dismiss (See Docket Items 7, 8 and 13), and his jury demand was not due until April 30, 2003. This request was also timely included when Mr. Redican filed his First Amended Answer and Affirmative Defenses (Exhibit C) on July 1, 2003 and his Jury Demand (Exhibit D) on July 7, 2003 pursuant to the June 19, 2003 Stipulated Scheduling Order. If for some reason the March 21, 2003 filing was lacking or insufficient it was because Mr. Redican was acting *pro se*. Mr. Redican filed a jury demand that was not objected to back in 2003. The present motion for jury trial requests the court to use its discretion to grant a jury trial in the event the prior filings were

insufficient. In the same way the concurrent motion for an extension of time requests the court to use its discretion to grant an extension of time to demand a jury trial in the event the prior filings were insufficient. Both are committed to the sound discretion of the court, a discretion which in this situation should be exercised in favor of the Defendant.

Plaintiff argues that Mr. Redican was competent in his *pro se* filings with the Court and so no discretion should be exercised in his favor. This position is inconsistent with the fact that he was constantly checking with the Clerk of the Court about how to proceed, and the form and content of motions and other documents filed on a *pro se* basis. Indeed, Plaintiff complained that Defendants' papers did not comply with either the Federal Rules or the Local Rules (See Dkt # 17 – Defendant's Memorandum In Opposition to Motion to Dismiss Complaint, at 1).

Plaintiff also complains that granting a jury trial would require additional time. Defendant respectfully disagrees. The matter could be prepared for jury trial in short order, tried in a few days, and a verdict rendered, without requirement of awaiting a bench ruling. It is possible that a jury trial could be quicker than a bench trial.

For all the foregoing reasons, defendants motion for jury trial and/or motion for extension of time to file a jury demand should be granted.

Respectfully submitted,

March 17, 2005
_____
Date

_____
Stephen P. McNamara (ct01220)
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Pro Bono Attorney for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

**DEFENDANT'S REPLY TO OPPOSITION TO
MOTIONS FOR EXTENSION OF TIME AND FOR JURY TRIAL**

is being served on all counsel of record, on this date, by first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum Street
Hartford, Connecticut 06130

_March 17, 2005_                           _____
Date                                       Stephen P. McNamara