UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MASHANTUCKET | : | |
| PEQUOT TRIBE, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02-cv-1828 (JCH) |
| | : | |
| RAYMOND REDICAN, JR. d/b/a | : | |
| CBNO FOXWOOD.COM (CIS), | : | |
| Defendant. | : | MAY 2, 2005 |

**RULING RE: PLAINTIFF'S MOTION TO STRIKE JURY DEMAND [DKT. NO. 46],
and DEFENDANTS'S MOTION FOR EXTENSION OF TIME [DKT. NO. 49]**

The plaintiff, The Mashantucket Pequot Tribe ("Tribe"), has filed a Motion to

Strike the defendant's jury demand [Dkt. No. 46].  By a pleading filed the same date,

the defendant, Raymond Redican ("Redican"), has moved for an extension of time to

file a jury demand [Dkt. No. 49].  This Ruling addresses both motions.

This action was commenced by the Tribe on October 17, 2002.  After service,

the pro se defendant requested additional time to respond to the Complaint, and he

timely responded by filing Motions to Dismiss [Dkt. Nos. 7, 8, 12 and 13].  Redican also

sought appointment of counsel in December of 2002 [Dkt. No. 5].  Despite pendency of

these motions to dismiss, Redican filed an Answer to the Complaint on January 2,

2003.  The Tribe opposed the motions to dismiss, which were finally ruled on by this

court on April 11, 2003.

The court appointed pro bono counsel for the defendant on April 24, 2003, and

an appearance by Attorney McNamara was filed on April 30, 2003.  While Redican,

both pro se, and through his counsel, filed amended answers to the Complaint, the

issues raised by his initial answer have not changed.  Thus, under Fed.R.Civ.P. 38(b0,

- 1 -

the time to file a demand for jury was ten days after his answer of January 2, 2003.
Under Fed.R.Civ.P. 38(b), the defendant's right to file a jury demand would have
expired on January 16, 2003.

Redican did file demands for jury, albeit out of time.  He sent a letter dated
March 12, 2003, which included a demand for jury trial on any remaining claims after
his motions to dismiss were ruled upon.  That letter does not appear to have been
docketed with the court, but is attached as Exhibit F to the plaintiff's memorandum in
opposition to defendant's motion for extension and motion for jury trial [Dkt. No. 54].  In
addition, pro bono counsel filed a formal demand for jury on July 7, 2003 [Dkt. No. 37].

While generally there is leeway provided to pro se litigants in connection with
pleadings that are the subject of substantive motions, there appears to be little basis in
the case law for affording leeway to a pro se litigant who fails to file a timely jury
demand.  However, under Fed.R.Civ.P. 6(b)(2), the court has the power to grant an
extension for good cause and "where the failure to act was the result of excusable
neglect . . . ."  Fed.R.Civ.P. 6(b)(2).

The relevant inquiry into what is excusable neglect is at bottom an equitable one,
taking account of all relevant circumstances surrounding the party's omission, "including
prejudice to the other party, the reason for the delay, the length of the delay and
whether the movant acted in good faith."  Raymond v. IBM Corp., 148 F3d 63, 66 (2nd
Cir. 1998).  Here, while motions to dismiss were pending, which would have relieved the
defendant of the obligation to file an answer, he nonetheless filed an answer without a
jury demand.  It is that answer which the plaintiff relies upon as the commencing event

for the running of the 10 day clock.  However, prior to the decision by this court on the motions to dismiss, Redican did attempt to file a demand for a jury.  While this demand was without dispute late, the circumstances under which he filed it suggest that the court should exercise its equity powers in this instance in determining that excusable neglect was the reason for the failure to file a timely demand.  In addition, newly-appointed, pro bono counsel filed a jury demand approximately two months after his appearance.  Given that his pro bono client is out of state and has limited resources to travel, the court does not view that two month period as "not acting promptly."  See Plaintiff's Memo.  [Dkt. No. 54] at 5.

Finally, while the Tribe urges upon this court a finding of prejudice to it because of this late filing, the Tribe fails to demonstrate any prejudice.  Its claimed prejudice -- additional costs associated with preparing the case for trial, such as preparing voir dire questions and requests to charge -- is unconvincing to this court.  A trial to the court requires the preparation of proposed findings of facts and conclusions of law, an effort comparable to the effort required to prepare a request to charge and voir dire questions.  As to the delay in reaching trial, the court is prepared to try this case in July or August, if counsel are available.  The court assumes that a trial to a jury would take no more than a day longer then a bench trial, and has time to schedule it depending upon counsel's availability.  Thus, the court does not find that there will be any prejudice to the Tribe by the granting of the motion to extend time to file a jury demand.

For the foregoing reasons, the court grants Redican's Motion for Extension of time to file a jury demand [Dkt. No. 49], and denies the Tribe's Motion to Strike the jury

demand [Dkt. No. 46].  The jury demand filed by counsel in July of 2003 [Dkt. No. 34]

shall be deemed to have been filed timely.  A pretrial order will issue.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 2nd day of May, 2005.


/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge