ORIGINAL

UNITED STATES DISTRICT COURT **FILED**
FOR THE DISTRICT OF CONNECTICUT

2005 JUL 27 A 8: 29

US DISTRICT
COURT

| | | |
|---|---|---|
| THE MASHANTUCKET PEQUOT TRIBE | ) | CIVIL ACTION NO. |
| | ) | 3:02 CV 1828 (JCH) |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND REDICAN, JR. | ) | |
| | ) | July 27, 2005 |
| Defendant | ) | |

**Defendant's Proposed Jury Instructions**

Stephen P. McNamara, ct01220
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Phone: (203) 324-6155
Fax: (203) 327-1096

Preliminary Comment, Instruction, Trademark

The plaintiff Mashantucket Pequot Tribe, seeks damages against the defendant, Raymond Redican, for trademark infringement, unfair competition, trademark dilution, and cybersquatting. The defendant denies these claims.

Trademark Defined

The term "trademark" includes any word, name, symbol or device or any combination thereof, adopted and used by a manufacturer or merchant to identify his goods or services and to distinguish them from those made or provided by others.

The Plaintiff's Burden Of Proof

In this case, the plaintiff contends that the defendant has made four claims infringed plaintiff's trademark FOXWOODS. The plaintiff has the burden of proving by a preponderance of the evidence that plaintiff is the owner of a valid trademark and that the defendant infringed that trademark, or unfairly competed with Plaintiff, or diluted its trademark, or obtained a domain name consisting of Plaintiff's trademark in bad faith.

Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the defendant infringed the plaintiff's trademark.

<u>Defendant's Burden Of Proof</u>

The defendant denies the plaintiff's contentions and further defends on the grounds that plaintiff unduly delayed in bringing suit, giving rise to a defense called laches. Defendant has the burden of proving by a preponderance of the evidence the facts required for a defense of laches.

Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true.

<u>Infringement of a Mark, Generally (15 U.S.C. 1114(1))</u>

The owner of a trademark may enforce the right to exclude others from using the trademark in an action for trademark infringement. Anyone who, without the consent of the owner, uses a trade mark/mark in connection with the sale of goods or services in a manner likely to cause confusion as to the source of the goods or services infringes that trademark.

Infringement, Registered Trademark, Elements and Burden of Proof

(15 U.S.C. 1114(1))

On plaintiff's claim for trademark/mark infringement, the plaintiff has the burden of proving each of the following by a preponderance of the evidence:

> 1. FOXWOODS has been registered as a trademark/mark on the principal register in the United States Patent and Trademark Office;
>
> 2. plaintiff is the registrant of that trademark; and
>
> 3. defendant used *foxwood.com* without the consent of the plaintiff in a manner

that is likely to cause confusion among ordinary purchasers as to the source of the goods/services.

Defendant defends his use of *foxwood.com* on the grounds that his use is primarily descriptive – that is, his website relates to "all things FOXWOOD" and that use of the domain name *foxwood.com* is not use of the word FOXWOOD as a trademark that identifies Defendant as a unique source of goods or services. If you find that Defendant's use of *foxwood.com* is a descriptive use you may conclude that use is *not* likely to cause confusion of mistake and is thus non-infringing.

If Defendant's use of *foxwood.com* is not primarily descriptive, you may consider one or more of the following factors in determining whether the use of *foxwoods.com* by the defendant is likely to cause confusion concerning the source of the plaintiff's or the defendant's goods/services:

> 1. whether the plaintiff's trademark is strong or weak depending on its

distinctiveness or public recognition.

2. whether the defendant goods or services are the same or are related to the plaintiff's goods and services .

3. whether the trademark used by the defendant (if it is a trademark use) is similar to the plaintiff's trademark in appearance/sound/or meaning.

4. whether the evidence shows the use by the defendant of the plaintiff's trademark has led to *actual* confusion.

5. whether the evidence shows that the defendant knowingly adopted the plaintiff's trademark to identify similar goods or services.

6.    whether the goods/services of the plaintiff and the defendant are likely to be provided in the same channels of trade, for example, in the same or similar stores or outlets.

7.    whether the goods/services sold by the plaintiff and the defendant are expensive so that consumers would be careful about their purchasing decisions or whether the consumers of such goods/services have expertise in the field so that they are able to make distinctions and not be confused by similar names.

8,.    whether the plaintiff is expanding or diversifying its product lines to compete with others providing the same/or related goods/or services.

9.    any other factors that bear on likelihood of confusion.

Polaroid Corp. v. Polarad Elec. Corp., 287 F.2d 492, 495 (2d Cir. 1961), cert. denied, 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961). Thompson Medical Company, Inc. v. Pfizer, Inc., 753 F.2d 208, 213 (2d Cir. 1985); Dial Corp. v. Manghnani Investment Corp., 659 F. Supp. 1230 (D. Conn. 1982)

Unfair Competition, Likelihood of Confusion, Word or Device,
Elements and Burden of Proof (15 U.S.C. 1125(a)(1))
False Designation of Origin and False Description (15 U.S.C.1125(a))
<u>and stae law claims</u>

Any person who makes commercial use of any word, term, name, symbol, or combination thereof, or a false or misleading designation of origin or description or representation of fact:, which is likely to cause confusion as to

    1. the origin of that person's goods or services

    2. that person's affiliation, connection or association with another person; or

    3. endorsement or approval of the goods or services by another person or

    4. which misrepresents in advertising the nature, characteristics, qualities, or geographic origin of his goods or services

is liable to any person who is or is likely to be damaged by the false designation of origin or false description.


On plaintiff's claim for unfair competition, the plaintiff has the burden of proving each of the following by a preponderance of the evidence:

    1. defendant used ***foxwoods.com*** in connection with services;

    2. the use of ***foxwoods.com*** is likely to cause confusion/or cause mistake/deceive as to he origin of the defendant's goods/services; or the affiliation/connection/association of the defendant with another person; or the sponsorship/approval of the defendant's goods/services/commercial activities by another person; and

    3. plaintiff was or is likely to be damaged by the actions of defendant.

In considering these issues the defense of descriptive, non-trademark use would overcome the claim of unfair competition.

The factors relating to likelihood of confusion which I provided you already would also apply to the claim of unfair competition.

15 U.S.C. §1125(a)

Dilution Claim

"Dilution" is a diminishing of the distinctive qualities of a party's mark caused by a defendant's misuse of the mark. Dilution typically applies in cases where the Plaintiff has a famous mark, but defendant's goods or services are so unrelated to the trademark owner's goods and services that conventional trademark infringement (which requires proof of a likelihood of confusion) would not apply. This is regarded as a "blurring" of the trademark.

Dilution is defined as follows:

> "the lessening of the capacity of a famous mark to identify and distinguish goods or services, regardless of the presence or absence of
>
> (1) competition between the owner of the famous mark and other parties, or
>
> (2) likelihood of confusion, mistake, or deception."

15 U.S.C. §1127

In order for Plaintiff to succeed in its claim of dilution, it must prove, by a preponderance of the evidence, that:

A.    The Plaintiff is the owner of a famous mark as measured by the following 8 factors

1. the degree of inherent or acquired distinctiveness of the mark;

2. the duration and extent of use of the mark;

3. the duration and extent of advertising and publicity;

4. the geographical extent of the trading area in which the mark is used;

5. the channels of trade;

6. the degree of recognition of the mark in the trading areas and channels of trade used by

    the mark's owner and the person against whom the injunction is sought;

7. the nature and extent of use of the same or similar marks by third parties; and

8. whether the owner of the mark has a valid federal registration.

B.      The defendant is making commercial use,

C.      In interstate commerce,

D.      Of a mark or tradename.

E.      And the Defendant's use began after the Plaintiff's mark became famous,

F.      And defendant's use causes dilution by lessening the capacity of the plaintiff's mark to identify and distinguish goods or services.

15 U.S.C. 1125(c)(1)


In deciding if defendant's acts have lessened the capacity to identify and distinguish the FOXWOODS trademark factors you can consider include:

1.      similarity of the marks

2.      similarity of the products covered by the marks

3.    sophistication of consumers

4.    predatory intent

5.    renown of the senior mark

6.    renown of the junior mark

Therefore if you find by a preponderance of the evidence that Plaintiff's FOXWOODS mark is famous, and that defendant began commercially using *foxwoods.com* after FOXWOODS became famous, and that the use lessens the capacity of FOXWOODS to identify Plaintiff's services and products, then you may find for the Plaintiff on their claims of dilution.

## Cybersquatting Claim

Plaintiff alleges that Mr. Redican's registration and use of the *foxwood.com* domain name violates the Anticybersquatting Consumer Protection Act (ACPA); that is, Plaintiff alleges that Mr. Redican has registered a domain name similar to the trademark FOXWOODS with the sole purpose of making profit by selling the name back to Foxwoods.

In order to establish a cause of action under ACPA, Foxwoods has a burden of proving by preponderance of evidence that 1) FOXWOODS is distinctive or famous mark; 2) *foxwood.com* is identical or confusingly similar to FOXWOODS; 3) Mr. Redican registered, trafficked in, or used the domain name "foxwoods.com" with a bad faith intent to profit from that mark.

Specifically, the anticybersquatting statute says:

A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person--

**(i)** has a bad faith intent to profit from that mark, . . .; *and*

**(ii)** registers, traffics in, or uses a domain name that--

(I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;

(II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark;

The factors for determining whether a mark is famous as specified in my previous instructions about Plaintiff's claim of trademark dilution, also apply to deciding if a mark is famous for purposes of a cybersquatting claim. If the mark is not famous you may assume that it is distinctive for any goods or services FOXWOODS had been granted as a United States Trademark Registration prior to the date of Mr. Redican's registration o the domain name.

The first issue you must decide is whether or not the domain name **foxwood.com** is identical to Plaintiff's trademark FOXWOODS.

If it is not identical, you must then determine if *foxwood.com* it is confusingly similar to FOXWOODS. A decision about confusing similarity should take into account whether the word "foxwood" has any descriptive, non-trademark meanings. If Plaintiff has shown by a preponderance of the evidence that *foxwood.com* is so similar to FOXWOODS that it is confusing then it has proven this element of the case and you should proceed to decide whether there is bad faith, as I will explain in a moment. On the other hand, if you decide that they are sufficiently different that they are no confusingly similar then you must find for the Defendant.

In deciding whether Mr. Redican had a bad faith intent to profit from the mark, you can consider the following factors. However, bad faith intent shall not be found if you determine that Mr. Redican believed and had reasonable grounds to believe that his use of the domain name *foxwoods.com* was a fair use or otherwise lawful. The factors to consider are:

- 15 -

1. the trademark or other intellectual property rights of the Mr. Redican, if any, in the domain name;

2. Mr. Redican's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;

3. Mr. Redican's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;

4. Mr. Redican's intent to divert consumers from the Plaintiff's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;

5. any offer by Mr. Redican to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain *without* having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;

6. any material and misleading false contact information submitted when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;

7. the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and

8. the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous.

However these factors may point, to find for the Plaintiff you still must conclude that Defendant acted in bad faith, because if he believed and had reasonable grounds to believe that the use of the foxwoods.com domain name was a fair use or otherwise lawful, you must find for the defendant.

**Authority:**

15 U.S. C. §1125(d); Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc., 202 F.3d 489, 496 - 499 (2nd Cir. 2000); Omega S.A. v. Omega Eng'G, 228 F. Supp. 2d 112, 121-137 (D. Conn. 2002).

Laches Defense

Mr. Redican raises the affirmative defense of laches; that is, Mr. Redican contends that Plaintiff waited too long in bringing suit and that Mr. Redican was unfairly prejudiced as a result of the delay. Laches is a defense that is similar to a statute of limitations, and is applied to prevent Plaintiffs from presenting old claims that they have not pursued for many years.

To prove laches the Defendant must establish by a preponderance of the evidence that Plaintiff had knowledge of Mr. Redican's use of domain name "foxwood.com," that Plaintiff inexcusably delayed in taking action, and that he has been prejudiced by Plaintiff's belated assertion of its rights.

In presented his defense, Mr. Redican is entitled to a presumption of laches if Plaintiff delayed filing suit more than three years after it knew about his activities. The three year time period for the presumption of laches is based on Connecticut's statute of limitations for torts. The presumption of laches means that it is presumed that the delay was unreasonable, and that the Defendant was prejudiced by the delay.

If Plaintiff delayed for more than 3 years between learning of Mr. Redican's use of *foxwood.com* and the filing of the present lawsuit on October 17, 2002, it creates a presumption in Defendant's favor, and Plaintiff has the burden of presenting evidence that they had a reasonable excuse for the delay. If Plaintiff can show it had a reasonable

excuse then you have to consider the case in its entirety to determine if there was laches;

if Plaintiff does not show a reasonable excuse then the presumption of laches can be

applied and you may find in favor of the defendant.

If you decide that Plaintiff has provided evidence that its delay in bringing the current

lawsuit is justified, you will then consider the case in its entirety to decide whether laches

should be applied because Mr. Redican has been unfairly prejudiced by Plaintiff's delay.

A defendant is prejudiced by a delay when the assertion of a claim available some time

ago would be "inequitable" in light of the delay in bringing that claim.  Specifically in

this case, Mr. Redican was unfairly prejudiced if Mr. Redican has changed his economic

position in a way that would not have occurred if Plaintiff had not delayed.  If you find

that Mr. Redican was unfairly prejudiced, then you have to apply the defense of laches.

Cuban Cigar Brands N.V. v. Upmann Int'l, Inc., 457 F. Supp. 1090, 1096 (S.D.N.Y.
1978), aff'd, 607 F.2d 995 (2d Cir. 1979); Tri-Star Pictures v. Leisure Time Prods., B.V.,
17 F.3d 38, 44 ( 2nd Cir. 1994);  Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 192
(2nd Cir. 1996); Conn. Gen. Stat. § 52-577 (2004)

Damages,

In order for plaintiff to recover damages for trademark infringement, unfair competition, or dilution, the plaintiff has the burden of proving by a preponderance of the evidence that defendant willfully intended to trade on the Plaintiff's reputation or to cause confusion or dilution of the FOXWOODS mark.

15 U.S.C. §1125(c)(2) (dilution);

Plaintiff has the burden of proving the amount of damages by a preponderance of the evidence.  Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury and/or property damage you find was proximately caused by the defendant's infringement of the plaintiff's registered trademark.  You may consider the following:

the injury to/loss of the plaintiff's reputation

the injury to/loss of plaintiff's goodwill, including injury to the plaintiff's general business reputation

the loss of plaintiff's sales as a result of the defendant's infringement

the loss of plaintiff's profits

the expense of preventing customers from being deceived

the cost of future advertising which is reasonably required to correct any public confusion caused by the infringement

any other factors that bear on plaintiff's actual damages.

Respectfully submitted,

_____          _____
Date                             Stephen P. McNamara, ct01220
                                 ST. ONGE STEWARD JOHNSTON & REENS LLC
                                 986 Bedford Street
                                 Stamford, Connecticut 06905-5619
                                 Phone: (203) 324-6155
                                 Fax: (203) 327-1096


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

### Defendant's Proposed Jury Instructions

is being served on all counsel of record, on this date, by email and first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum Street
Hartford, Connecticut 06130


July 27, 2005                    _____
Date                             Stephen P. McNamara