UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MASHANTUCKET PEQUOT TRIBE | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1828 (JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND REDICAN, JR. | ) | July 28, 2005 |
| | ) | |
| Defendant | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Peter L. Costas
ct04260
PEPE & HAZARD LLP
225 Asylum Street

Hartford, Connecticut 06103
Phone: (860) 241-2630
Fax: (860) 522-2796

In the interest of advancing matters, Plaintiff has no objection to the use of Defendant's Proposed Jury Instructions at Pages 1-17, and merely adds thereto the instructions which are attached.

Wrongful Intent

Plaintiff further contends that Defendant registered FOXWOOD.COM and other domain names confusingly similar to its FOXWOODS trademark with an improper motive; namely expectation that Plaintiff or Plaintiff's competitors would pay substantial moneys to acquire the confusingly similar domain name, or that he would post advertising on the website for competitors or others who sought to imply association with Plaintiff.

<u>Damages</u>

Defendant contends that he does not use the FOXWOODS trademark because his website domain name is *foxwood.com* and that many others use FOXWOOD as a trademark or trade name and *foxwood.com* is not used for gambling or other activities competitive with Plaintiff so that there is no likelihood of confusion. While Plaintiff must demonstrate that the misuse actually harmed its business, a precise showing is not required. A diversion of sales, for example, that is, a showing that a certain percentage of hits on Defendant's website were intended for Plaintiff's website, is sufficient to show that Plaintiff likely suffered damages due to Defendant's use of Plaintiff's mark. *See* *Sleep Country USA Inc. v. Northwest Pacific Inc.*, 72 U.S.P.Q.2d 1261, 1266-67 (WD Wash. 2003).

Plaintiff also contends that Defendant has received compensation from competitive gaming operations to which patrons have diverted by advertising on the website.

Defendant contends that Plaintiff cannot prove any damages from the activity on Defendant's website. Plaintiff contends that he has been injured by Defendant's website activities as a result of confusion of patrons and prospective patrons who mistakenly accessed Defendant's website, as a result of injury to its good will and

reputation by advertising of other gaming sites, and as a result of efforts necessary to prevent or dispel confusion.

In addition to or in place of such actual damages as may be proved, Plaintiff is entitled to any profits earned by Defendant that are attributable to the infringement, and which Plaintiff proves by a preponderance of the evidence. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue. Gross revenue is all of Defendant's receipts from using the trademark in the sale of a product or services.

Defendant has received compensation from competitive gaming operations to which patrons have been directed by advertising on the *foxwood.com* website.

Expenses are all operating, overhead and production costs incurred in producing the gross revenue. Defendant has the burden of proving the expenses and the portion of the profit attributable to factors other than use of the infringed trademark by a preponderance of the evidence. Unless you find that a portion of the profit from the sale of the goods using the trademark is attributable to factors other than use of the trademark, you shall find that the total profit is attributable to the infringement.

Connecticut Unfair Trade Practices Act (CUTPA)

In the Sixth Count of the complaint, Plaintiff alleges that the Defendant violated the Connecticut Unfair Trade Practices Act (CUTPA). A trademark infringement may also be a violation of CUTPA. In order to establish that Defendant has violated the Connecticut Unfair Trade Practices Act, Plaintiff must prove, by a preponderance of the evidence, that Defendant engaged in unfair methods of competition in the conduct of trade or commerce or that Defendant engaged in unfair acts or practices in the conduct of trade or commerce or that Defendant engaged in deceptive acts or practices in the conduct of trade or commerce.

Conn.Gen.Stat. § 42-110b(b) (2003).

*Atlantic Richfield Co. v. Canaan Oil Co.*, 202 Conn. 234, 241, 520 A.2d 1008, 1012 (1987) (trial court charged jury that the defendant was required to prove its CUTPA counterclaim by a preponderance of the evidence; the charge was appealed). *Nielsen v. Wisniewski*, 32 Conn.App. 133, 137-38, 628 A.2d 25, 27 (1993).

*See, e.g., Manufacturers Technologies, Inc. v. CAMS, Inc.*, 706 F.Supp. 984 (D.Conn. 1989).

A single act or transaction may violate the Connecticut Unfair Trade Practices Act. It is not necessary to prove multiple acts of wrongdoing to establish a violation of the Act.

Conn.Gen.Stat. § 42-110g(a) (2003).

*Hart v. Carruthers*, 77 Conn. App. 610, 619, 823 A.2d 1284, 1288-90 (2003).

*Johnson Electric Co. v. Salce Contracting Associates*, 72 Conn. App. 342, 344, 805 A.2d 735, 737, *cert. denied*, 262 Conn. 922, 812 A.2d 864 (2002).

*Gibbs v. Southeastern Investment Corp.*, 651 F.Supp. 1419, 1421 (D.Conn. 1987).

It is not necessary for Plaintiff to be a consumer in order to recover damages for a violation of the Connecticut Unfair Trade Practices Act. The Act is not limited to conduct involving consumer injury and a competitor or other business person can maintain an action under the Act without showing injury to consumers.

*Service Road Corp. v. Quinn*, 241 Conn. 630, 637-38, 698 A.2d 258, 262 (1997).

*Larsen Chelsey Realty Co. v. Larsen*, 232 Conn. 480, 496, 656 A.2d 1009, 1019 (1995).

*McLaughlin Ford, Inc. v. Ford Motor Co.*, 192 Conn. 558, 566-67, 473 A.2d 1185, 1190 (1984).

In this case, Plaintiff alleges that Defendant violated the Connecticut Unfair Trade Practices Act by engaging in unfair acts or practices in the conduct of trade or commerce in this state. In determining whether an act or practice was unfair, you should consider three criteria. The first criterion is whether the act or practice offended

public policy as it has been established by trademark and other statutes, the common law or other established concept of unfairness. The second criterion is whether the act or practice was immoral, unethical or unscrupulous. The third criterion is whether the act or practice caused substantial injury to consumers, competitors or other business persons.

*Journal Publishing Co., Inc. v. Hartford Courant Co.*, 261 Conn. 673, 695-96, 804 A.2d 823, 839 (2002).

*Macomber v. Travelers Property and Casualty Corp.*, 261 Conn. 620, 644, 804 A.2d 180, 196 (2002).

*Hartford Elec. Supply Co. v. Allen-Bradley Co., Inc.*, 250 Conn. 334, 367-68, 736 A.2d 824, 841 (1999).

*Willow Springs Condominium Ass'n v. Seventh BRT Development Corp.*, 245 Conn. 1, 43, 717 A.2d 77, 99-100 (1998).

*Saturn Construction Co., Inc. v. Premier Roofing Co., Inc.*, 238 Conn. 293, 310-11, 680 A.2d 1274, 1283 (1996).

*Jacobs v. Healey Ford-Subaru, Inc.*, 231 Conn. 707, 725-26, 652 A.2d 496, 505-06 (1995).

*Williams Ford, Inc. v. Hartford Courant Co.*, 232 Conn. 559, 591, 657 A.2d 212, 227-28 (1995).

*Web Press Services Corp. v. New London Motors, Inc.*, 203 Conn. 342, 355, 525 A.2d 57, 64 (1987).

*McLaughlin Ford, Inc. v. Ford Motor Co.*, 192 Conn. 558, 567-68, 473 A.2d 1185, 1190 (1984).

In order to establish that an act or practice was unfair, it is not necessary that all three criteria I have just described be satisfied. An act or practice may be deemed to be unfair based on the degree to which one of the criteria is met.

*Hartford Elec. Supply Co. v. Allen-Bradley Co., Inc.*, 250 Conn. 334, 368, 736 A.2d 824, 841 (1999).

*Willow Springs Condominium Ass'n v. Seventh BRT Development Corp.*, 245 Conn. 1, 43, 717 A.2d 77, 100 (1998).

*Saturn Construction Co., Inc. v. Premier Roofing Co., Inc.*, 238 Conn. 293, 311, 680 A.2d 1274, 1283 (1996).

*Normand Josef Enterprises, Inc. v. Connectional Natl. Bank*, 230 Conn. 486, 522, 646 A.2d 1289, 1307 (1994).

*Cheshire Mortgage Service, Inc. v. Montes*, 223 Conn. 80, 105-106, 612 A.2d 1130, 1143 (1993).

*Atlantic Richfield Co. v. Canaan Oi8l Co.*, 202 Conn. 234, 242, 520 A.2d 1008, 1013 (1987).

*Meyers v. Cornwell Quality Tools, Inc.*, 41 Conn.App. 19, 36, 674 A.2d 444, 453 (1996).

If you find that Defendant's conduct has violated the Connecticut Unfair Trade Practices Act under the criteria I have just described to you, you may find that Defendant violated the Connecticut Unfair Trade Practices Act even if you have not found Defendant liable under one of the other claims asserted by Plaintiff.

*Sportsmen's Boating Corp. v. Hensley*, 192 Conn. 747, 755-57, 474 A.2d 780, 786 (1984).

*Meyers v. Cornwell Quality Tools, Inc.*, 41 Conn.App. 19, 36, 674 A.2d 444, 453 (1996).

*Hartford Elec. Supply Co. v. Allen-Bradley Co., Inc.*, 250 Conn. 334, 369, 736 A.2d 824, 843 (1999).

*Willow Springs Condominium Ass'n v. Seventh BRT Development Corp.*, 245 Conn. 1, 43, 717 A.2d 77, 100 (1998).

Laches

Defendant contends that Plaintiff's action is barred by the doctrine of laches.

Laches consists of two elements. First, there must have been a delay that was inexcusable, and second, that delay must have prejudiced Defendant. See *Papcun v. Papcun*, 181 Conn. 618, 620, 436 A.2d 282 (1980). Connecticut's Supreme Court has said that "[t]he defense of laches does not apply unless there is an unreasonable, inexcusable, and prejudicial delay in bringing suit". *See Schomer v. Shilepsky,* 169 Conn. 186, 194, 363 A.2d (1975); Robinson v. Myers, 156 Conn. 510, 519, 244 A.2d 385 (1968). Delay alone is not sufficient to bar a right; the delay in bringing suit must be unduly prejudicial. *Owens v. Doyle*, 152 Conn. 199, 207, 205 A.2d 495 (1964). Laches is not merely delay, but delay that works a disadvantage to another. 1 Pomeroy, Equity Jurisprudence (5th Ed. Symonds) § 419d. Where there is no disadvantage to Defendant because of the delay, there cannot be a laches defense. The burden is on Defendant to establish that defense. *See Omega S.A. v. Omega Eng'g*, 228 F.Supp.2d 112 (D.Conn. 2002).

THE MASHANTUCKET PEQUOT TRIBE

By______________________________
Peter L. Costas
ct04260
PEPE & HAZARD LLP

225 Asylum Street
Hartford, Connecticut 06103
(860) 241-2630

CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served by E-Mail and by first class mail, postage prepaid, upon Stephen P. McNamara, St. Onge Steward Johnston & Reens LLC, 986 Bedford Street, Stamford, Connecticut 06905.

Date: July 28, 2005

________________________________
Peter L. Costas