RECEIVED

JUL 27 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2005 AUG -1  P 1: 30

U.S. DISTRICT COURT

| | | |
|---|---|---|
| THE MASHANTUCKET PEQUOT TRIBE | ) | CIVIL ACTION NO. |
| | ) | 3:02 CV 1828 (JCH) |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND REDICAN, JR. | ) | |
| | ) | July 26, 2005 |
| Defendant | ) | |

## FINAL PRE-TRIAL MEMORANDUM

Counsel for the parties hereby submits this Final Pre-Trial Memorandum.

1.  **TRIAL COUNSEL**

    For Plaintiff:

    Peter L. Costas
    Pepe & Hazard LLP
    225 Asylum Street
    Hartford CT  06103
    (860) 241-2630

    For Defendant:

    Stephen P. McNamara
    St. Onge Steward Johnston & Reens LLC
    986 Bedford Street
    Stamford CT  06905
    (203) 324-6155

1

2.    **JURISDICTION**

Federal jurisdiction and venue are pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. §§ 1051 et seq. and 28 U.S.C. §§ 1331 and 1338. The Court has ancillary jurisdiction over the pendent claims pursuant to 28 U.S.C. § 3523.

3.    **JURY/NON-JURY**

Defendant has requested that this case be tried to a jury.

4.    **LENGTH OF TRIAL**

Counsel believes that this case can be tried in 2-3 days. The time for Plaintiff's presentation is estimated at 1 to 1 ½ days. Defendant's presentation is estimated at one (1) day and ½ is estimated possible rebuttal.

5.    **FURTHER PROCEEDINGS**

No further proceedings are presently contemplated.

6.    **NATURE OF THE CASE**

**A. PLAINTIFF'S STATEMENT**

Plaintiff has expended millions of dollars in developing the reputation and good will associated with the mark FOXWOODS in connection with its resort casino which has achieved international recognition for the quality of its facility and operations, and of the ancillary services and products that are marketed by it in its facility. Plaintiff has registered FOXWOODS in the United States Patent and Trademark Office for various goods and services and has also registered FOXWOODS domain names by which persons can obtain information and services about and from the resort casino.

In 1997 Defendant was aware of Plaintiff and its reputation when he sought to obtain some economic benefits from registering domain names containing FOXWOODS and

FOXWOOD, presumably by seeking to obtain money from Plaintiff for his domain name registrations or by marketing various products and services on his website to those persons who mistakenly accessed his website or.

Plaintiff complained of the Redican domain name registration of FOXWOOD.COM in 1997 which identified the registrant as Foxwood Online Casino. Thereafter, Defendant proceeded with his efforts to exploit the potential for mischief by obtaining additional FOXWOOD/FOXWOODS domain name registrations.

On at least one of his FOXWOOD/FOXWOODS websites, Defendant hosted ads for competitive gambling operations and provided hyperlinks to the websites of these competitive operations. As a result of his activities, patrons and prospective patrons of Plaintiff's facilities and products have been confused, and Defendant's activities have diluted the exclusive identification of FOXWOODS for Plaintiff's facilities, services and products in violation of the federal trademark statutes, the Connecticut common law, and the Connecticut Unfair Trade Practices Act.

Plaintiff seeks to enjoin Defendant from using FOXWOODS and FOXWOOD in any manner relating to gaming activity or in any manner suggesting a relationship with Plaintiff or diluting its valuable trademark rights. Plaintiff also seeks damages.

###    B.    DEFENDANT'S STATEMENT

On November 10, 1997, Plaintiff's counsel wrote to Mr. Redican regarding its objection to the domain name. Later, on August 10, 2001, Mr. Redican received a letter from Tribal Counsel, Wade Blackman, demanding that he transfer the domain name to the Tribe, and on September 7, 2001 he received a similar letter from Attorney Peter Costas. However,

no action was taken to pursue any claims of infringement until filing of this suit in October 2002. Defendant accordingly claims a defense of laches.

FOXWOOD is the name of numerous communities around the United States as well as being the name of a plant species. The word FOXWOOD is not the exclusive property of Plaintiff. It can be used to provide information about communities and products which are not related to Plaintiff without any infringement of Plaintiff's trademark rights. Mr. Redican uses the domain name *foxwood.com* to provide cultural, historical, tourism and demographic information related to all Foxwood towns, communities, individuals, and other items named "Foxwood", which is not likely to cause confusion, and thus is not an infringement of any of Plaintiffs' rights. Defendant thus claims that his use of *foxwood.com* is non-infringing.

Lastly, there is no evidence of any damages in this case.

## C.    JOINT STATEMENT OF THE CASE

Plaintiff, The Mashantucket Pequot Tribe is a federally recognized Indian Tribe located in Mashantucket, Connecticut and it operates the FOXWOODS Resort Casino at which it provides gaming operations, hotel, restaurant and other entertainment services and it markets various products. Defendant, Raymond R. Redican, Jr., is a resident of Lowell, Massachusetts and is the owner of the domain name *foxwood.com*. Plaintiff claims that Mr. Redican's registration and use of the *foxwood.com* domain name has caused confusion and injured its reputation and good will. Plaintiff therefore contends that Mr. Redican has infringed the FOXWOODS trademark and that by registering a domain name which he was liable for cybersquatting. Defendant claims that he is not using the FOXWOODS trademark and that his use of **foxwood.com** is not likely to cause confusion thus is non-infringing, and that he was not motivated by any bad faith.

4

7.    **TRIAL BY MAGISTRATE JUDGE**

Counsel do not consent to trial by Magistrate Judge.

8.    **LIST OF WITNESSES**

Attached are the lists of witnesses for each of the parties.

9.    **DEPOSITION TESTIMONY**

There will be no witnesses who testify by deposition transcript.

10.    **INTERROGATORIES/REQUESTS TO ADMIT**

Plaintiff intends to rely upon Defendant's Answers to Interrogatories Nos. 6, 12 and 13.

Plaintiff intends to rely upon Defendant's Responses to Requests for Admissions Nos. 7, 10, 11, 12, 15, 22, 26, 28 and 31.

11.    **EXHIBITS**

Attached are Plaintiff's and Defendant's Lists of Exhibits.

12.    **ANTICIPATED EVIDENTIARY PROBLEMS**

The parties' evidentiary objections to each other's exhibits are noted in the attached Plaintiff's and Defendant's List of Exhibits.

Defendant has indicated that there are objections to various third party reports on the basis of Federal Rules of Evidence 901. Plaintiff believes that Defendant will have to admit on examination to the information contained in various of its reports.

13.    **MOTIONS IN LIMINE**

There are none.

14.   **GLOSSARY**

To aid the understanding of the jury in this matter, counsel propose the following glossary:

1.    Domain Name – The <u>address</u> or <u>URL</u> of a particular <u>Web site</u>, it is the text name corresponding to the numeric address of a computer on the Internet, e.g. SMITHCO.COM.  There is an organization called <u>InterNIC</u> that registers domain names for a fee, to keep people from registering the same  name.

2.    Hyperlink – An electronic link providing direct access from one distinctively marked place in a <u>hypertext</u> or <u>hypermedia</u> document to another in the same or different document.

15.   **TRIAL TO COURT/JURY**

The parties are unable to agree on a stipulation of facts or an agreed statement of contested issues of fact and law.  The parties' Statements of Contested Facts and Law are attached.

(a)    **Court:**

Not applicable; this is a jury case.

(b)    **Jury:**

(1)    **Proposed Voir Dire Questions:**

Plaintiff's and Defendant's Proposed Joint Voir Dire Questions are attached.

(2)    **Proposed Jury Instructions:**

Plaintiff's and Defendant's Proposed Jury Instructions are submitted separately.

(3)    **Jury Interrogatories:**

Plaintiff' s Proposed Jury Interrogatories are attached.

Defendant requests that the jury be instructed to give a general verdict and that Jury Interrogatories not be used.

THE MASHANTUCKET PEQUOT TRIBE

By _____
    Peter L. Costas (ct04260)
    PEPE & HAZARD LLP
    225 Asylum Street
    Hartford CT  06103
    (860) 241-2630
    Attorney for Plaintiff

RAYMOND REDICAN, JR.

By _____
    Stephen P. McNamara (ct01220)
    ST. ONGE STEWARD
    JOHNSTON & REENS LLP
    986 Bedford Street
    Stamford CT  06905
    (203) 324-6155
    Attorney for Defendant

RECEIVED

JUL 27 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

THE MASHANTUCKET PEQUOT TRIBE )
                                           )      CIVIL ACTION NO.
              Plaintiff          )      3:02 CV 1828 (JCH)
                                             )
v.                                               )
                                             )
RAYMOND REDICAN, JR.          )      July 26, 2005
                                             )
             Defendant     )

## PLAINTIFF'S STATEMENT OF CONTESTED FACTS AND LAW

Plaintiff submits that Defendant registered the various FOXWOODS/FOXWOOD domain names in the expectation that he could obtain a large amount of money from Plaintiff or some other gambling provider or other party competitive with Plaintiff for transfer of those domain names. Defendant has also attempted, directly or indirectly, to attract gambling operators for hosting on his website in order to obtain moneys from such advertisers in the expectation that patrons of the FOXWOODS Resort Casino mistakenly accessing his website could be diverted to those competitors and has provided hyperlinks to the competitor websites. Defendant has derived income from such advertisements. His activities have caused Plaintiff substantial time and money and produced confusion. His use of FOXWOOD.COM and other FOXWOODS/FOXWOOD websites have diluted the value of the good will and identification of FOXWOODS with Plaintiff's resort casino.

Although Defendant claims that he did not control the advertising of online casinos and other gambling operations on his FOXWOOD.COM website, he was aware.

Although Defendant is not presently hosting advertising from other gaming operations or otherwise attempting to trade upon Plaintiff's reputation and good will he could again do so unless enjoined by this Court.

THE MASHANTUCKET PEQUOT TRIBE

By _____
     Peter L. Costas (ct04260)
     PEPE & HAZARD LLP
     225 Asylum Street
     Hartford CT 06103
     (860) 241-2630

RECEIVED

JUL 2 7 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

THE MASHANTUCKET PEQUOT TRIBE )
                                        )     CIVIL ACTION NO.
                    Plaintiff           )     3:02 CV 1828 (JCH)
                                        )
v.                                      )
                                        )
RAYMOND REDICAN, JR.                    )
                                        )
                    Defendant           )

## DEFENDANT'S STATEMENT OF ISSUES OF FACT AND LAW

Raymond R. Redican, Jr., is a resident of Lowell, Massachusetts, doing business

under the names CBNO FOXWOOD.COM (CIS) and Commonwealth Internet Services

(CIS). On May 22, 1997, a representative of Global Communications Internet Working

Corporation registered the domain name *foxwood.com* for Mr. Redican. Mr. Redican

presently maintains a website at that address providing cultural, historical, tourism and

demographic information related to all Foxwood towns, communities, individuals, and other

items named "Foxwood." . Mr. Redican places HTML code on his website which allows

advertisers to serve ads to his *foxwood.com* website. Mr. Redican does not control the

content of the advertising on his website, that is controlled by the advertising companies.

On November 10, 1997, Plaintiff's counsel wrote to Mr. Redican regarding its

objection to the domain name. Later, on August 10, 2001, Mr. Redican received a letter from

Tribal Counsel, Wade Blackman, demanding that he transfer the domain name to the Tribe,

and on September 7, 2001 he received a similar letter from Attorney Peter Costas. However,

no action was taken to pursue any claims of infringement until filing of this suit in October

2002. Defendant accordingly claims a defense of laches.

FOXWOOD is the name of numerous communities around the United States as well as being the name of a plant species. The word FOXWOOD is not the exclusive property of Plaintiff. It can be used to provide information about communities and products which are not related to Plaintiff without any infringement of Plaintiff's trademark rights. Mr. Redican uses the domain name *foxwood.com* to provide cultural, historical, tourism and demographic information related to all Foxwood towns, communities, individuals, and other items named "Foxwood", which is not likely to cause confusion, and thus is not an infringement of any of Plaintiffs' rights. Defendant thus claims that his use of *foxwood.com* is non-infringing.

Plaintiff's ma jor complaint is the alleged presence of gambling related advertising at the *foxwood.com* website, which allegations remain to be proven. However, advertising is not placed on the website by Mr. Redican, it was placed there by ad serving companies. To the extent Mr. Redican can control the advertising placed on his website by ad serving companies by opting out of any gambling related advertising he has done so. Mr. Redican's re gistration and use of *foxwood.com* is not an infringement of any of Plaintiff's rights.

Lastly, there is no evidence of any damages in this case.

Respectfully submitted,

July 26, 2005

Date

Stephen P. McNamara, ct01220
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Phone: (203) 324-6155
Fax: (203) 327-1096

RECEIVED

JUL 2 X 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MASHANTUCKET PEQUOT TRIBE | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1828 (JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND REDICAN, JR. | ) | |
| | ) | July 26, 2005 |
| Defendant | ) | |

## JOINT PROPOSED VOIR DIRE QUESTIONS

1. Do you or your family own a computer?  If yes, for what primary reason you do use your computer?

2. Do you "surf" the web (look for information on the internet)?  If yes, how much time per week on average would you say you spend?    What kinds of information/services do you access and how do you access them?

3. Have you ever "landed" on the website thinking it was a different website?  If yes, what did you do?  How did you feel about it?

4. Have you or anyone close to you have registered a domain name?  If yes, for what?

5. Do you or anyone close to you maintain a website?  If yes, for what?

6. Is your home within 15 miles of FOXWOODS Resort and Casino?  If so, are yor disturbed by Casino traffic?

7. Did you oppose construction of the FOXWOODS Resort and Casino?

8. Do you oppose Native American tribes' authority to engage in gambling enterprises in Connecticut?

9. Do you have any strong objections to gambling:

10. Have you ever gambled in a casino or on-line?  If yes, how much time per year on average would you say you spend at casinos and/or on-line?

11. Have you or anyone close to you ever been employed in the gambling industry? If yes, what was their job?

12. Have you ever been to Foxwoods Resort Casino? What was the purpose of your visit?

13. Have you or anyone close to you ever filed a lawsuit? If yes, in what context?

14. Have you or anyone close to you ever been sued? If yes, in what context?