IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE MASHANTUCKET PEQUOT TRIBE ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. |
| ) | 3:02 CV 1828 (JCH) |
| v. ) | |
| ) | |
| RAYMOND REDICAN, JR. ) | |
| ) | August 17, 2005 |
| Defendant ) | |

### AMENDED COMPLAINT

1.  Plaintiff The Mashantucket Pequot Tribe, is a federally recognized Indian Tribe located in Mashantucket, Connecticut.

2.  Upon information and belief, Raymond Redican, Jr., is a resident of Massachusetts, residing and/or doing business at 166 Cumberland Road, Lowell, Massachusetts 01852.

3.  Upon information and belief, Defendant does business under one or more of the following assumed names, Commonwealth Internet Services (CIS), Foxwood.com, CBNO and Foxwood.org.

4.  The present action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* as amended by the Intellectual Property and Communications Omnibus Reform Act of 1999, Public Act 106-113; the Connecticut Trademark Act, Conn. Gen. Stat. 35-11a *et seq.*, the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a *et seq.*; and the Connecticut common law.

1

5. This Court has jurisdiction over the claim for violation of the federal trademark laws pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has pendent jurisdiction over the state law claims. Venue is proper under 28 U.S.C. § 1391(b).

6. For many years Plaintiff has been extensively promoting its educational, entertainment and gaming activities in Connecticut, throughout New England and in various other states.

7. In 1993, Plaintiff adopted the name FOXWOODS for its casino and entertainment services and has been promoting such sevices in this state and elsewhere under the trade names and service marks FOXWOODS, FOXWOODS CASINO and FOXWOODS RESORT CASINO. Plaintiff also markets various products under the trademark FOXWOODS.

8. Plaintiff has also extensively promoted the FOXWOODS trade name and marks throughout the United States by reason of various national events which are conducted at the Casino.

9. Plaintiff has obtained federal registrations of the mark FOXWOODS for various services and products, namely:

| Registration No. | International Class |
| --- | --- |
| 1,933,313 | 42 |
| 1,933,316 | 41 |
| 1,933,319 | 41 |
| 1,935,673 | 42 |
| 1,961,723 | 16 |

| | |
|---|---|
| 2,016,903 | 16 |
| 2,174,126 | 25 |
| 2,174,127 | 25 |

Copies of the registrations are attached hereto as Exhibits A-H.

10. Plaintiff has registered the domain names FOXWOODS.COM, FOXWOODSCASINO.COM, PEQUOTCASINO.COM, and MASHANTUCKET.ORG in an effort to ensure that persons seeking information concerning the Casino could readily locate the appropriate home site on the Internet.

11. As shown on the attached printout (Exhibit I), Defendant has registered the domain name FOXWOOD.COM, which appropriates the well known mark and trade name of Plaintiff.

12. As shown on the attached printout (Exhibit J), Defendant has registered the domain name FOXWOOD.ORG, which appropriates the well known mark and trade name of Plaintiff.

13. Previously in 1998, Defendant had registered the domain names FOXWOODS.ORG and FOXWOODS.NET. (Exhibits K and L). These registrations were apparently allowed to lapse.

14. Upon information and belief, Defendant registered the domain names with the intent of producing the potential for confusion by persons seeking Plaintiff's website and with the intent of trading upon Plaintiff's reputation.

15. Upon information and belief, Defendant improperly registered the domain names with the intent of requiring Plaintiff to pay a substantial sum of money to him in order to obtain the transfer of the registrations to eliminate such confusion.

16. Defendant has contacted Plaintiff and members of The Mashantucket Pequot Tribe and offered to sell the improperly obtained domain name registrations of FOXWOOD.COM and FOXWOOD.ORG.

17. Plaintiff has advised Defendant that it would not pay for these improperly obtained registrations and that it would take appropriate legal action to terminate Defendant's usage and efforts to engage in commercial activities utilizing websites accessed by the improperly registered domain names appropriating Plaintiff's mark.   (Exhibit M)

18. *Inter alia*, Defendant has undertaken commercial utilization of the site by incorporating advertising as will be noted from the printout of the home page (Exhibit N) which an Internet user will find in the event of accessing the FOXWOOD.COM site through confusion.

19. Upon information and belief, a number of the advertisers on the home page are other casinos or online casino operations to which Defendant's website provided a hyperlink.

20. Recently, Defendant has altered the web page to solicit persons to provide him personal information by purporting to provide a subscription service with the apparent intent of causing confusion and misunderstanding that the information is being requested by Plaintiff.  A copy of the website printout is attached hereto as Exhibit O.

4

21. The result of Defendant's activities is to produce confusion and to scam people as shown by the attached printout (Exhibit P) received by Plaintiff as a result of the recent change on Defendant's website.

22. Plaintiff has not authorized Defendant to utilize its trade name and mark in any manner.

23. The use of the FOXWOOD domain names improperly obtained by Defendant to advertise companies not associated with Plaintiff is likely to produce confusion, and improperly suggest association or sponsorship or endorsement of the advertising entities by Plaintiff.

24. The use of the FOXWOOD domain name improperly obtained by Defendant to solicit personal information and "subscriptions" improperly suggests association, or sponsorship, or endorsement, of the activity by Plaintiff and has caused, and is likely to cause, injury to those who are misled into providing the information.

25. The usage by Defendant of FOXWOOD constitutes commercial activity utilizing Plaintiff's trade name and mark without authorization by Plaintiff.

## FIRST COUNT - TRADEMARK INFRINGEMENT

26. Defendant's use of the domain name FOXWOOD.COM and FOXWOOD.ORG is likely to produce confusion, deception and mistake as to source, affiliation or sponsorship of the goods, services or activity set forth on the website.

27. Plaintiff markets various products and services under the FOXWOOD mark in its various retail facilities.

PLC/28411/653/735091v1
08/15/05-HRT/

28. Such commercial usage by Defendant constitutes an infringement of Plaintiff's trademark rights in FOXWOODS in violation of 15 U.S.C. § 1114.

29. Such actions by Defendant constitute willful and deliberate infringement of Plaintiff's federally registered FOXWOODS marks and warrant the award of increased damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

30. Plaintiff has suffered, and will continue to suffer, irreparable harm to its reputation and diminution of its good will unless Defendant is enjoined by this Court.

## SECOND COUNT -
## DILUTION OF FEDERALLY REGISTERED TRADEMARK

31. Plaintiff repeats the allegations set forth in Paragraphs 1-25 of this Complaint as if fully set forth hereinafter.

32. The mark FOXWOODS is famous and widely associated with Plaintiff, and it is highly distinctive of Plaintiff's entertainment, educational and gaming activities as well as the products which it markets thereunder.

33. The usage of FOXWOODS by Defendant is intended to capitalize upon that distinctiveness, and it will dilute the exclusive recognition and trade upon Plaintiff's reputation, all in violation of 15 U.S.C. § 1125(c).

34. Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm unless Defendant is enjoined from such activities.

## THIRD COUNT -
## FALSE DESIGNATION OR DESCRIPTION

35. Plaintiff repeats the allegations set forth in Paragraphs 1-25of this Complaint as if fully set forth hereinafter.

PLC/28411/653/735091v1
08/15/05-HRT/

36. The activities of Defendant falsely suggest association with, or sponsorship by, Plaintiff and constitute a violation of 15 U.S.C. 1125(a).

37. Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm unless Defendant is enjoined from such activities.

## FOURTH COUNT -
## TRADEMARK DILUTION UNDER STATE LAW

38. Plaintiff repeats the allegations set forth in Paragraphs 1-25 of this Complaint as if fully set forth hereinafter.

39. The activities of Defendant falsely suggest association with, or sponsorship by, Plaintiff and constitute a violation of Conn. Gen. Stat. 35-11i(c).

40. Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm unless Defendant is enjoined from such activities.

## FIFTH COUNT -
## COMMON LAW TRADEMARK INFRINGEMENT

41. Plaintiff repeats the allegations set forth in Paragraphs 1-25 of this Complaint as if fully set forth hereinafter.

42. The activities of Defendant complained of constitute a violation of Plaintiff's rights under the common law of the State of Connecticut relating to trademark infringement and unfair competition.

43. Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm unless Defendant is enjoined from such activities.

PLC/28411/653/735091v1
08/15/05-HRT/

## SIXTH COUNT -
## UNFAIR TRADE PRACTICES

44. Plaintiff repeats the allegations set forth in Paragraphs 1-25 of this Complaint as if fully set forth hereinafter.

45. The activities of Defendant complained of constitute unfair trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a et seq.

46. Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm unless Defendant is enjoined from such activities.

## SEVENTH COUNT -

## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PRIVACY ACT

47. Plaintiff repeats the allegations of Paragraphs 1-25 of the complaint as if fully set forth hereinafter.

48. On November 29, 1999 the President signed the Intellectual Property and Communications Omnibus Reform Act of 1999 which has become Public Act 106-113.

49. As amended by the Act, 15 U.S.C. 1125 of the Trademark Act is amended by adding Paragraph (d) which, inter alia, provide civil liability of one who:

    (ii) registers, traffics in, or uses a domain name that

        (I) is the case of a mark that at the time of registration of the domain name, is identical or confusingly similar to that mark;

        (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark.

8

50. Defendant has registered the domain name FOXWOOD.COM which is confusingly similar to Plaintiff's registered mark FOXWOODS and, in fact, is essentially identical to Plaintiff's trademark and trade name FOXWOODS.

51. As set forth hereinbefore, Defendant has sought to sell this domain name registration to Plaintiff and has threatened to take other actions with respect to the domain name and internet site if Plaintiff failed to meet his demands.

52. As set forth hereinbefore, Defendant has made commercial use of the domain name site for advertising of his business activities.

53. The activities of Defendant constitute violations of the Anticybersquatting Consumer Protection Act and entitle Plaintiff to be awarded statutory damages, injunctive relief and assignment of the domain name registrations.

54. Plaintiff has suffered and will continue to suffer irreparable harm is Defendant is not enjoined from the activities complained of and if Defendant does not assign the domain name registrations of FOXWOOD.COM and FOXWOOD.ORG to Plaintiff.

WHEREFORE, Plaintiff The Mashantucket Pequot Tribal Nation prays that this Court grant the following relief:

1. A preliminary and permanent injunction precluding Defendants from using Plaintiff's mark FOXWOODS in any manner, and from continuing any activities on the improperly registered domain sites.

2. An order requiring Defendant to transfer the registrations of the domain names FOXWOOD.COM and FOXWOOD.ORG to Plaintiff.

PLC/28411/653/735091v1
08/15/05-HRT/

3. Costs and reasonable attorneys' fees.

4. Such other and further relief as the Court shall deem just and appropriate.

          THE MASHANTUCKET PEQUOT TRIBE

By *[signature]*
Peter L. Costas
ct04260
PEPE & HAZARD LLP
225 Asylum Street
Hartford, Connecticut 06103
(860) 241-2630

PLC/28411/653/735091v1
08/15/05-HRT/

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served by first class mail, postage prepaid, upon Stephen P. McNamara, St. Onge, Steward, Johnston & Reens LLC, 986 Bedford Street, Stamford, Connecticut 06905.

Dated: August 17, 2005

_____
Peter L. Costas

PLC/28411/653/735091v1
08/15/05-HRT/