IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
                                                :
THE MASHANTUCKET PEQUOT TRIBE                   :
                                                :   CIVIL ACTION NO.
         Plaintiff                              :   3:02 CV 1828 (JCH)
    v.                                          :
                                                :
RAYMOND REDICAN, JR. D/B/A CBNO                 :
FOXWOOD.COM (CIS)                               :
                                                :   August 25, 2005
         Defendant.                             :
                                                :   JURY DEMAND
---------------------------------------------------------------x

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
IN RESPONSE TO AMENDED COMPLAINT**

Defendant, Raymond Redican, Jr. d/b/a CBNO FOXWOOD.COM (CIS) (hereinafter "Redican" or "Defendant"), hereby answers the Plaintiff's Complaint, answering the numbered paragraphs thereof as follows:

1. Defendant lacks information sufficient to form a belief as to the matter asserted and accordingly the allegations of paragraph 1 are denied.

2. It is admitted that Raymond Redican, Jr. is a resident of Massachusetts. Otherwise, the allegations of paragraph 2 are denied.

3. Defendant denies that he is known as Foxwood.org., otherwise the allegations of paragraph 3 are admitted.

4. This paragraph states legal conclusions that require no response.

5. Defendant denies that the court has subject matter jurisdiction of this action. Defendant

denies that venue is proper.

6. Defendant lacks information sufficient to form a belief as to the matter asserted and accordingly the allegations of paragraph 6 are denied.

7. Defendant lacks information sufficient to form a belief as to the matter asserted and accordingly the allegations of paragraph 7 are denied.

8. Defendant lacks information sufficient to form a belief as to the matter asserted and accordingly the allegations of paragraph 8 are denied.

9. Defendant lacks information sufficient to form a belief as to the matter asserted and accordingly the allegations of paragraph 9 are denied..

10. Defendant lacks information sufficient to form a belief as to the matter asserted and accordingly the allegations of paragraph 10 are denied

11. Defendant admits that a representative of Global Communications Internetworking Corporation registered the domain name foxwood.com and that Defendant has control of the domain name foxwood.com. The remaining allegations of this paragraph are denied.

12. Defendant admits at one time he had control of a domain name registration of foxwood.org. However, that domain name registration is now acquired by another person. The remaining allegations of this paragraph are denied.

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 pertaining to the Plaintiff advising the Defendant are admitted. The remaining allegations are denied

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied; further answering, Defendants states that it does not use the Plaintiff's tradename and mark, but that at one time he held a Foxwoods Wampum Players Club Card which he was authorized to use.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 31.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied.

35. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 35.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

38. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 38.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

41. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 41.

42. The allegations of paragraph 42 are denied.

4

43. The allegations of paragraph 43 are denied.

44. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 44.

45. The allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 are denied.

47. Defendant repeats and realleges paragraphs 1-25 of his Answer by reference and restates the same in response to paragraph 47.

48. The allegations of paragraph 48 are admitted.

49. The allegations of paragraph 49 are admitted.

50. The allegations of paragraph 50 are denied.

51. The allegations of paragraph 51 are denied.

52. The allegations of paragraph 52 are denied unless this paragraph refers to advertising by others .

53. The allegations of paragraph 53 are denied

54. The allegations of paragraph 54 are denied.

## AFFIRMATIVE DEFENSES

1.   Defendant is not subject to personal jurisdiction in Connecticut.

2. Venue is improper in the District of Connecticut.

3. Service of process of the complaint made upon Defendant Redican was improper.

4. Plaintiff's claims are barred by laches.

5. Plaintiff has unclean hands.

6. Plaintiff lacks legal standing to assert the claims asserted herein, since as a sovereign entity that does not submit to the jurisdiction of this court when claims are asserted against the Plaintiff, it has no right to seek redress in this court when asserting claims against others.

7. Defendant's use of foxwood.com is not a trademark use.

8. Foxwood and Foxwoods are common geographic and descriptive terms and Defendant's use of foxwood.com is in connection with such meanings and does not constitute infringement.

9. Defendant has a First Amendment right to use foxwood and foxwood.com.

10. Plaintiff has failed to allege owneship of a Connecticut State Registrations of FOXWOODS and cannot assert a claim as stated in its Fourth Count.

11. Defendant's uses of foxwood.com were in good faith; defendant believed that his use of the *foxwood.com* domain name was a fair use or otherwise lawful.

**PRAYERS FOR RELIEF**

WHEREFORE, Defendant prays that:

1. All of the counts of the complaint be dismissed with prejudice;

2. Redican be awarded his attorneys fees and costs.

6

## JURY DEMAND

Defendant demands a trial by jury.

Respectfully submitted,

*/s/ Stephen P. McNamara*

Stephen P. McNamara, ct01220
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Phone: (203) 324-6155
Fax: (203) 327-1096

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO AMENDED COMPLAINT**

is being served on all counsel of record, on this date, by first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum Street
Hartford, Connecticut 06130

24 August 2005
Date

*/s/ Stephen P. McNamara*
Stephen P. McNamara