IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
THE MASHANTUCKET PEQUOT TRIBE       :
                                     :    CIVIL ACTION NO.
        Plaintiff                    :    3:02 CV 1828 (JCH)
    v.                               :
                                     :
RAYMOND REDICAN, JR. D/B/A CBNO      :
FOXWOOD.COM (CIS)                    :
                                     :    January 31, 2006
        Defendant.                   :
                                     :
---------------------------------------------------------------x

**MOTION FOR STAY AND MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF ORDER TRANSFERRING DOMAIN NAME PENDING APPEAL**

Defendant, Raymond Redican, Jr. d/b/a CBNO FOXWOOD.COM (CIS), hereby moves for a Stay of the Order set forth in the of the Memorandum of Decisions dated November 23, 2005 (Dkt.101) and in the Judgment dated December 16, 2006 (Dkt. No. 102) ordering that he assign the registration of the domain name foxwood.com upon payment of his out of pocket costs in obtaining and maintaining the registration and in assigning the registration.

Pursuant to Fed.R.Civ.P. 62(c), the Court, in its discretion, may suspend or modify an injunction during the pendency of appeal. In determining whether to issue a stay, the Court considers: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); see, *Kurt S. Adler Inc. v. World Bazaars Inc.*, 897 F.Supp. 92 (SDNY 1995).

In this particular case, the Defendant has been ordered to transfer the domain name foxwood.com upon receipt of payment from Plaintiff for Defendant's out of pocket costs in obtaining and maintaining the registration and in assigning the registration. It is this order of transfer as to which a stay is sought.

Taking the recited factors in reverse order:

(4) The public interest in orderly administration of justice and finality of judgments does not require an order of transfer at any particular time; otherwise there are no other public interest factors applicable.

(3) Issuance of a stay will not injure Plaintiff; there is no ongoing damage by allowing Mr. Redican to maintain the *foxwood.com* domain during the pendency of the appeal. Mr. Redican is willing to be enjoined from transferring the domain to others during the pendency of the appeal so there is no risk to Plaintiff in allowing Mr. Redican to hold on to the domain at this time. Further, Plaintiff has no immediate need for the domain. As testified to by Robert DeSalvio, Executive Vice President, Marketing for Foxwoods Resort and Casino, Plaintiff does not have any plans to use the domain for now. As the Court has found that such use has not been proven to be trademark infringement there is no ongoing injury by Mr. Redican's continued possession of the *foxwood.com* domain name.

(2) Mr. Redican will be irreparably injured absent a stay. Once the domain name is transferred to Plaintiff there are no limitations on its ability to retransfer the domain to another person, or to change the content of the foxwood.com webpages, and otherwise disrupt Mr. Redican's maintenance in developing the website in good faith. The revenue generated from advertising on the website will be halted, causing injury to Mr. Redican and the persons who receive the payments. Given the huge financial disparity between the plaintiffs - owners of the wealthiest casino in the United States - and the unemployed and disabled defendant, it is clear that Mr. Redican's injury from proceeding with the order would far outweigh any benefit to Plaintiff.

(1) Mr. Redican has a strong likelihood of success in his appeal. The Court has already found in Defendant's favor on five of the seven causes of action asserted by Plaintiff, namely, the trademark infringement and dilution claims. The decision of cybersquatting is based on the anticybersquatting statute, which says:

> A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person--
> (i)  has a bad faith intent to profit from that mark, . . .; *and*
> (ii) registers, traffics in, or uses a domain name that--
> 	(I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
> 	(II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark;

The court found that the foxwood.com domain name was "identical or confusingly similar" to Plaintiff's mark FOXWOODS, even though the court also held that likelihood

of confusion had not been proven. This disparity of findings indicates that there is a likelihood of success in addressing the issue of similarity, given that this Court has already determined that a likelihood of confusion had not been proven. Furthermore, the finding of bad faith can be challenged based on Defendant's clear actual belief that he was responding to interest of the Plaintiff in acquiring the foxwood.com domain name, which was initiated by Plaintiff's attorneys and/or through communications via Clay Wagner, and the lack of any evidence that he was acting in any way which constitutes bad faith under the anticybersquatting statute.

Accordingly, it is respectfully requested that the Court order a Stay of the Order set forth in the of the Memorandum of Decisions dated November 23, 2005 (Dkt.101) and in the Judgment dated December 16, 2006 (Dkt. No. 102) requiring that defendant assign the registration of the domain name foxwood.com upon payment of his out of pocket costs in obtaining and maintaining the registration and in assigning the registration.

Respectfully submitted,

_____
Stephen P. McNamara, ct01220
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Phone: (203) 324-6155
Fax: (203) 327-1096

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

**MOTION FOR STAY AND MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF ORDER TRANSFERRING DOMAIN NAME PENDING APPEAL**

is being served on all counsel of record, on this date, by first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum Street
Hartford, Connecticut 06130

And

Raymond Redican, Jr.
D/B/A CBNO FOXWOOD.COM (CIS)
P.O. Box 7381
Lowell, MA 01852


Jan. 31, 2006                                    _____
Date                                             Stephen P. McNamara