IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
THE MASHANTUCKET PEQUOT TRIBE           :
                                        :   CIVIL ACTION NO.
       Plaintiff                        :   3:02 CV 1828 (JCH)
   v.                                   :
                                        :
RAYMOND REDICAN, JR. D/B/A CBNO         :
FOXWOOD.COM (CIS)                       :
                                        :   January 30, 2006
       Defendant.                       :
                                        :
---------------------------------------------------------------x

**RESPONSE OF DEFENDANT
RAYMOND REDICAN, JR. D/B/A CBNO FOXWOOD.COM (CIS)
TO ORDER TO SHOW CAUSE**

Raymond Redican, Jr. d/b/a CBNO FOXWOOD.COM (CIS), responds to the Order To Show Cause dated January 18, 2006 (Dkt No. 108) and states and requests as follows.

<u>Motion For Stay</u>

There is presently a pending Motion to Stay Judgment Pending Appeal. It is requested that the final entry of an order transferring the domain name *foxwood.com* be stayed pending the completion of my appeal.

<u>Order To Show Cause</u>

In response to the issues raised in the Order to show cause:

(1) The sum of $689.86 specified in Mr. McNamara's December 19, 2005 letter (Exhibit A to Mr. Costas's Jan. 5, 2005 letter) was developed by Mr. McNamara without

instruction from Mr. Redican and is only *one* way of calculating Redican's out of pocket costs in obtaining and maintaining the registration and in assigning the registration as specified in the November 22, 2005 Memorandum of Decision, p. 23. There are other methods of calculating these costs, and Mr. Redican presented such information in his email and letter to Mr. Costas and other enclosures. (Portions thereof which were submitted as Exhibit B to Mr. Costas's Jan. 5, 2005 letter). These costs include contractual penalties.

(2) The Court should not Order transfer without payment to Defendant Redican because Defendant has fully complied with the order by providing Plaintiff's counsel Mr. Costas with a complete listing with substantiation of Redican's out of pocket costs in obtaining and maintaining the registration and in assigning the registration; and provided additional information and substantiation regarding such costs in Mr. Redican's letter and his other submissions. Plaintiff has not tendered the ordered payment. It would be extremely unfair to order a transfer without compensation when **Defendant** has complied with the Judgment and Memorandum of Decision by providing the required information, but **Plaintiff** has not by failing to make the ordered payment.

Moreover, according to the Order to show cause (Dkt. No. 108), if Defendant Redican had submitted NO response to the Order to show cause by the due date of February 1, 2006, the Court stated it would enter an "order of transfer of the domain name on February 2, 2006 ***with reimbursement***" (emphasis added), which indicates that Mr. Redican would be reimbursed even if he did not comply with the Order to show cause by submitting this Response. It makes no sense to penalize him by *denying*

*reimbursement* in the case of <u>*compliance*</u> with the Order to show cause when the Court has stated it *would reimburse* him in the case of <u>*non-compliance*</u> with the Order to show cause.

In addition, there is a pending Motion To Stay Judgment Pending Appeal, and instead of ordering a transfer, the Court should stay its decision on this issue pending the outcome of the appeal.

(3) For the same reason, the Court should not hold Defendant in contempt. Defendant has fully complied with the Order by providing Plaintiff's counsel Mr. Costas with an itemized listing with substantiation of Redican's out of pocket costs in obtaining and maintaining the registration and in assigning the registration. Information regarding such costs in Mr. Redican's letter extends and complements Mr. McNamara's letter. This is not a case of non-compliance with the Court's order.

In the Second Circuit, a party may be held in contempt if it is proven by "clear and convincing" evidence that the party violated a "clear and unambiguous" order of the court. *EEOC v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996) (quoting *United States v. Local 1804-1*, 44 F.3d 1091, 1096 (2d Cir. 1995)). The violation need not be willful, but it must be demonstrated that "the contemnor was not reasonably diligent in attempting to comply." *Id.* (quoting *Local 1804-1*, 44 F.3d at 1096). Here, there is no Order which has been violated. Defendant has complied with the explicit requirements of the Judgment and Memorandum of Decision. Plaintiff's complaint is that Defendant has provided an excessive amount of information, ***not*** that the Defendant did not comply with an Order of the District Court.

Defendant has further complied with the Order to show cause by filing this response. An order of contempt is not applicable in this situation. As noted above, it is Plaintiff, not defendant, which has failed to comply with the court's Memorandum of Decision.

Request For Extension Of Time

Mr. Redican requests an extension of time to submit a supplemental Response to the Order to show cause if needed to present arguments regarding the valuation of Redican's out of pocket costs in obtaining and maintaining the registration and in assigning the registration to the extent the Court requires additional information to show why the sum specified in Mr. McNamara's December 19, 2005 letter is not a sufficient reimbursement.

Respectfully submitted,

_____
Stephen P. McNamara, ct01220
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Phone: (203) 324-6155
Fax: (203) 327-1096

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

**RESPONSE OF DEFENDANT
RAYMOND REDICAN, JR. D/B/A CBNO FOXWOOD.COM (CIS)
TO ORDER TO SHOW CAUSE**

is being served on all counsel of record, on this date, by first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Peter L. Costas
Pepe & Hazard LLP
225 Asylum Street
Hartford, Connecticut 06130

And

Raymond Redican, Jr.
D/B/A CBNO FOXWOOD.COM (CIS)
P.O. Box 7381
Lowell, MA  01852

Jan. 31, 2006
Date

Stephen P. McNamara