IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE MASHANTUCKET PEQUOT TRIBE ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. |
| ) | 3:02 CV 1828 (JCH) |
| v. ) | |
| ) | |
| RAYMOND REDICAN, JR. ) | |
| ) | February 2, 2006 |
| Defendant ) | |

**PLAINTIFF'S MEMORANDUM RELATIVE TO THE
RESPONSES OF DEFENDANT RAYMOND REDICAN, JR.
AND STEPHEN P. MCNAMARA TO ORDER TO SHOW CAUSE**

Plaintiff The Mashantucket Pequot Tribe ("Mashantucket) submits this Memorandum relative to the responses of Defendant Raymond Redican and Defendant's counsel Stephen P. McNamara to this Court's Order to Show Cause.

Turning first to the McNamara response, it advises the Court of the difficulties which both Mr. McNamara and Plaintiff's counsel have experienced in dealing with Defendant. At the present juncture, it has been nearly two and a half months since this Court's decision and Mr. McNamara is requesting a new time frame for the filing of additional motions, etc.

With respect to the response of Raymond Redican, it is argued that Redican complied with the Court's requirement that he submit an accounting of the expenses incurred in effecting the registration of the domain name, maintaining the registration of the domain name and any expense that might be incurred in connection with the assignment of the domain name.

1

As indicated in the letter of the undersigned counsel dated January 5, 2006 to this Court, there was a discussion between counsel, and Mr. McNamara then prepared a schedule of what he considered to be the expenses which were required to be reimbursed. Plaintiff's counsel stated that this listing would be satisfactory. However, Plaintiff's counsel then received a communication from Mr. Redican setting forth a whole host of "expenses" that he considered to be within the scope of the Court's order. As a result, counsel for the parties concluded that there was no agreement on the amount since Mr. Redican had essentially rejected the schedule provided by Mr. McNamara by submitting a collection of paper purporting to be expenses connected with the registration. As a result, counsel agreed that the matter should be brought to the attention of the Court and the letter of January 5, 2006 was generated with materials attached thereto.

Since Mr. McNamara's calculation was obviously rejected by Mr. Redican, and Mr. Redican's collection of expenses was not a listing of the actual expenses incurred, there was no amount that could be made the subject matter of a tender.

Thus, Mr. Redican has not provided Plaintiff with the required calculation of the actual costs for the domain name registration and no tender could be made.

                                        THE MASHANTUCKET PEQUOT TRIBE

                                        By_____
                                            Peter L. Costas
                                            ct04260
                                            PEPE & HAZARD LLP
                                            225 Asylum Street
                                            Hartford, Connecticut 06103
                                            (860) 241-2630

## CERTIFICATE OF SERVICE

    This is to certify that the foregoing document was served by e-mail and by first class mail, postage prepaid, upon Stephen P. McNamara, St. Onge, Steward, Johnston & Reens LLC, 986 Bedford Street, Stamford, Connecticut 06905, and upon Raymond Redican, Jr., D/B/A CBNO Foxwood.Com (CIS), P.O. Box 7381, Lowell, Massachusetts 01852.

Dated: February 2, 2006

                                              Peter L. Costas