IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE MASHANTUCKET PEQUOT TRIBE ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. |
| ) | 3:02 CV 1828 (JCH) |
| v. ) | |
| ) | |
| RAYMOND REDICAN, JR. ) | |
| ) | February 2, 2006 |
| Defendant ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF ORDER OF TRANSFER PENDING APPEAL AS SUPPLEMENTED BY STEPHEN P. MCNAMARA IN HIS MOTION FOR STAY AND MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF ORDER TRANSFERRING DOMAIN NAME PENDING APPEAL**

Plaintiff The Mashantucket Pequot Tribe ("Mashantucket") submits this Memorandum in Opposition to Defendant's Motion for Stay of Order Pending Appeal. The original motion filed by Defendant Raymond Redican ("Redican") as an individual articulated no reasons and was not accompanied by any memorandum of law. The recently served Motion for Stay and Memorandum prepared and signed by Attorney Stephen B. McNamara ("McNamara"), purports to articulate reasons for the stay which Plaintiff will address in an effort to expedite this matter.

BACKGROUND

First of all, it should be noted that Plaintiff withdrew its claim for monetary damages to expedite a final disposition of this action since only injunctive relief was being sought. At the hearing before the Court, Mashantucket provided substantial evidence concerning the mischief occasioned by Mr. Redican's actions as a part of the testimony and

documentary evidence. This clearly established the violation of the Anticybersquatting Act and the Connecticut Unfair Trade Practices Act.

The Court did not find conventional trademark infringement because the domain name employed by Defendant was not precisely the same as the mark which had been registered as required by the decision of the Court of Appeals for the Second Circuit. This Court did not find trademark dilution because Redican's use of the FOXWOOD.COM domain name did not constitute a use in commerce of Plaintiff's FOXWOODS trademark, and the Court further stated that Mashantucket had failed to prove actual dilution.

However, the Court found that the FOXWOODS trademark was famous and that Redican's activities were injurious violating both the Anticybersquatting Act and Connecticut Unfair Trade Practices Act. Accordingly, this Court entered judgment requiring Redican to transfer the registration of the domain name FOXWOOD.COM upon reimbursement of Redican for his actual costs in obtaining and maintaining the domain name registration.

### REDICAN'S ARGUMENT

In the response to this Court's Order to Show Cause, Redican argues that Mashantucket failed to tender the reimbursement called for by the judgment, and Redican argues that Redican had produced a schedule of the moneys required to be reimbursed. As pointed out in Plaintiff's Memorandum with respect to the arguments advanced by Defendant in response to the Order to Show Cause, the schedule of expenses prepared by Attorney McNamara was disavowed by the contemporaneous submission by Redican of a collection of paper and a series of alleged expenses in connection with the domain name, albeit not for obtaining and maintaining the registration. Insofar as the fee for recording

the assignment, that would be paid by Mashantucket at the time of the transfer since the transfer is effected online.

Thus, Redican is attempting to shift the burden of creating a schedule of moneys to be reimbursed from Defendant to Plaintiff. To add insult to injury, Defendant then asks this Court to allow further time for Defendant to create a schedule of such expenses.

Turning now to the substance of the Motion to Stay, Defendant's Memorandum states the four prong test determining whether a stay should be granted.

Redican argued that he has a strong likelihood of success on his appeal because the Court found in his favor on five of the seven causes of action. He then argues that the disparity of findings will create a probability of success on the appeal. Wishing does not make it so.

Redican argues that he will be irreparably injured if there is no stay because Plaintiff may do something to his web pages. Redican's testimony indicated that he was receiving little income from his operation of this site so that he will not suffer any significant pecuniary loss, if any. Conversely, Redican has demonstrated that he is able to interfere with business activities of Plaintiff through his actions on this website. If he were to do so during the appeal, what would be Plaintiff's remedy? Awarding damages against a person who claims poverty is not an answer. Certainly, Defendant is not in a position to obtain a bond. So Plaintiff is left in the unenviable situation of having won the right to be free from his activity on the website, but it would still be unable to protect itself from the activities of Redican on this website.

As to the public interest, there is certainly no showing of any significant public benefit to be obtained by allowing Mr. Redican to continue to operate this website. To the contrary, the shutting down of this website would benefit the public by reducing the potential for confusion.

Of interest on the issue of stays in trademark cases are *The Christian Science Board of Directors of the First Church of Christ, Scientist et al v. David E. Robinson et al*, 123 F.Supp 2d, 965, 976 (W.D.N.C. 2000); and *Larry Marshak et al v. Herb Reed*, 199 F.R.D., 110, 111 (S.D.N.Y. 2001).

Accordingly, it is respectfully submitted that Redican cannot meet the requirements for a stay and that his motion should be denied.

THE MASHANTUCKET PEQUOT TRIBE

By _____
Peter L. Costas
ct04260
PEPE & HAZARD LLP
225 Asylum Street
Hartford, Connecticut 06103
(860) 241-2630

CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served by e-mail and by first class mail, postage prepaid, upon Stephen P. McNamara, St. Onge, Steward, Johnston & Reens LLC, 986 Bedford Street, Stamford, Connecticut 06905, and upon Raymond Redican, Jr., D/B/A CBNO Foxwood.Com (CIS), P.O. Box 7381, Lowell, Massachusetts 01852.

Dated: February 2, 2006

_____
Peter L. Costas