FILED                      RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT    2006 FEB 16  A 11: 45
2006 FEB 17  P 3: 56

U.S. DISTRICT COURT                CHAMBERS JANET C. HALL
BRIDGEPORT, CONN                   U.S. DISTRICT JUDGE

----------------------------------------------------------------

THE MASHANTUCKET PEQUOT TRIBE        :

       Plaintiff            :        CIVIL ACTION NO.
   v.                              :        3:02 CV 1828 (JCH)
                               :

RAYMOND REDICAN, JR. D/B/A CBNO      :
FOXWOOD.COM (CIS)                    :

       Defendant.           :        February 9, 2006

----------------------------------------------------------------x

**Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1114(2)(D)(v)**
**Declaratory Judgment and Injunctive Relief**

Defendant, Raymond Redican, Jr. d/b/a CBNO FOXWOOD.COM (CIS),

pursuant to Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §

1114(2)(D)(v) seeks to establish that his use of CBNO FOXWOOD.COM (CIS) is not

unlawful under the ACPA, a declaration that Redican's use of foxwood.com is lawful and

a declaration of nonviolation of the ACPA.  Finally to prevent the order of

foxwood.com's transfer from taking effect and to not hold Raymond Redican in contempt

with or without attendant penalties.

     It is Redican's contention that Mashantucket's litigious conduct is that of a bad

faith attempting reverse domain name hijacker or the overreaching use of the mechanisms

established to remedy cybersquatting against a registrant with a legitimate interest in his

domain.  Wade T. Blackmon, Peter L. Costas and Pepe & Hazard LLP erred in an

unjustified fashion and acted in an irresponsible manner by falsely accusing

Commonwealth Internet Services (CIS) of violating the MPTN's trademarks.

Commonwealth Internet Services (CIS) is in fact acting in good faith, has not, is not and never planned to violate MPTN's trademarks [Exh. A Redican's September 2001 letter to Plaintiff].

Pursuant to the ACPA, 15 U.S.C. § 1114(2)(D)(v) Redican seeks relief declaring his use of the 'foxwood.com' domain name lawful and awarding injunctive relief for Redican's benefit.

The ACPA treats rights to registration and use of a domain name as contingent upon the registrant's ongoing use of the domain name without a "bad faith intent to profit" from a mark. *See* 15 U.S.C. § 1125 (d) (1) (A) (i). MPT first initiated contact with Redican in 1997, a few years later Redican received an offer of $8 million from Clay Wagner claiming to represent the tribes offer after an extra mural meeting in New York City. Redican's attachment to an offer of this amount is predicated on the conveyance of that offer to him and not a bad faith intent to profit.

Redican seeks to establish that his use of "foxwood.com" is lawful vis-à-vis-CBNO FOXWOOD.COM (CIS) because *Mashantucket is barred from asserting rights to "foxwood.com."*

Congress intended the cybersquatting statute to make rights to a domain-name registration contingent on ongoing conduct rather than to make them fixed at the time of registration. If another party has trademark rights in a mark that is similar to the domain name, the domain-name registrant must use the name without a "bad faith intent to profit," § 1125(d)(1)(A)(i), to maintain its registration rights. Although many of the factors included in § 1125 (d)(1)(B)(i)(I)-(IX), which provide a non-exhaustive list of nine factors to consider in arriving at a finding of fact concerning the registrant's "bad faith intent to profit" from the trademark owner's mark, <u>call the courts attention to facts</u>

<u>as they existed at the time the domain name was registered</u>, subsection (VI) focuses the court's attention on the domain-name registrant's ongoing use of the domain name:

> In determining whether a person has a bad faith intent…a court may consider…the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain *without having used* or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct.

§ 1125 (d)(1)(B)(i)(VI).

Respectfully submitted,

Raymond Redican, Jr.
CBNO FOXWOOD.COM (CIS)
Post Office Box 7381
Lowell, MA  01852 USA
Tel. (978) 987-8218

*Pro se Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing

**Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1114(2)(D)(v)
Declaratory Judgment and Injunctive Relief**

is being served on this date, by first class mail, postage prepaid, on the following counsel for
Plaintiff :

Peter L. Costas
Pepe & Hazard LLP
225 Asylum Street
Hartford, Connecticut 0613

Date: 2/9/06

_____ 2/9/06
Raymond Redican, Jr.
CBNO FOXWOOD.COM (CIS)

*Exh. A*

# Commonwealth Internet Services (CIS)
# Foxwood.com (CIS)

PO BOX 7381
Lowell, Mass 01852 USA

September 8, 2001

2 Matt's Path
PO BOX 3060 Mashantucket, CT 06339-3060

Foxwoods Resort Casino
Route 2
PO BOX 3777
Mashantucket, CT 06339 -3777

Dear Wade T. Blackmon Legal Counsel & MPTN:

RE: Your letters dated August 10, 2001, August 21, 2001

This is to inform the appropriate authorities at the Mashantucket Pequot Tribal Nation ("MPTN") which owns and operates the Mashantucket Pequot Gaming Enterprises d/b/a Foxwoods Resort Casino that:

1. Foxwood.com (CIS), Foxwood.org (CIS) – Commonwealth Internet Services (CIS) has an active web address located at http://www.Foxwood.com.

2. The letters sent by Wade T. Blackmon Legal Counsel on behalf of the MPTN questioned both the integrity of Commonwealth Internet Services (CIS) business practices and left a cloud hanging over our business by threatening to disrupt any use of the two Web addresses FOXWOOD.COM (CIS) and FOXWOOD.ORG (CIS). Commonwealth Internet Services (CIS) has every legal right to the two Web addresses FOXWOOD.COM (CIS) and FOXWOOD.ORG (CIS). Commonwealth Internet Services (CIS) has no intention of allowing the MPTN and Wade T. Blackmon to misuse the Anticybersquatting Consumer Protection Act to deprive Commonwealth Internet Services (CIS).

MPTN and Wade T. Blackmon erred in an unjustified fashion and acted in an irresponsible manner by falsely accusing Commonwealth Internet Services (CIS) of violating the MPTN's trademarks. Commonwealth Internet Services (CIS) is in fact acting in good faith. Commonwealth Internet Services (CIS) has not, is not and never planned to violate MPTN's trademarks.

It is Commonwealth Internet Services (CIS)'s position that Wade T. Blackmon acting on behalf of the MPTN is attempting "Reverse Domain Name Hijacking." The Rules for "Uniform Domain Name Dispute Resolution Policy" defines "Reverse Domain Name Hijacking" as "using the Policy in bad faith to attempt to deprive a registered domain-name holder of a domain name."

If MPTN believes that Commonwealth Internet Services (CIS) is in violation of one or more trademarks the MPTN should file a complaint under ICANN's Uniform Domain Name Dispute Resolution Policy. Otherwise Commonwealth Internet Services (CIS) expects a formal letter of apology from both the MPTN and Wade T. Blackmon.

If Commonwealth Internet Services (CIS) does not receive confirmation that either of the above actions will be taken and assurances within 10 days that MPTN will cease and desist all unwarranted harassment and attempts at Reverse Domain Name Hijacking Commonwealth Internet Services (CIS) intends to investigate the pursuit of legal steps available to protect Commonwealth Internet Services (CIS)'s reputation and rights to operate its organization in a safe environment.

Commonwealth Internet Services (CIS) intends to investigate the pursuit of reporting Wade T. Blackmon to the appropriate Bar Association(s), asking the Bar Association(s) if Wade T. Blackmon acted irresponsibly and unethically in making such serious unfounded accusations.

Sincerely,


Ray Redican jr. (CIS)

Commonwealth Internet Services (CIS)