UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE MASHANTUCKET PEQUOT TRIBE,<br>    Plaintiff<br><br>v.<br><br>RAYMOND REDICAN, JR. d/b/a<br>CBNO FOXWOOD.COM (CIS),<br>    Defendant | :<br>:<br>:<br>:<br>:    CIVIL ACTION NO.<br>:    3:02-cv-1828 (JCH)<br>:<br>:<br>:<br>:    MARCH 2, 2006 |

**RULING RE: DOC. NOs. 116 and 118**

On February 17, 2006, the defendant, Raymond Redican, has filed a Rule 52(b) Motion Requesting Additional Factual Findings (Doc. No. 118). In addition, Redican filed a document which the court directed should be docketed as Motion for Order, that defendant Raymond Redican's use of CBNO Foxwood.com (CIS) is not in violation of ACPA. (Doc. No. 116). In fact, the pleading is captioned "Anticybersquatting Consumer Protection Act ("ACEPA"), 15 U.S.C. § 1114(2)(D)(d) Declaratory Judgment and Injunctive Relief. (Doc. No. 116). The court will not recount the history of this case, other than to note as pertinent to these two pleadings that judgment entered in this case on December 16, 2005, and that the defendant, filing pro se, docketed a Notice of Appeal in this court on January 13, 2006. (Doc. Nos. 102 and 105, respectively.)

With respect to his Motion to Amend, Redican fails to suggest to the court in what ways its Ruling should be amended. He states that it is incumbent upon the district judge to "engage in deliberate review of each [Polaroid] factor, and, if a factor is inapplicable to a case, to explain why." Rule 52(b) Motion (Doc. No. 118). Redican asked the court to make additional factual findings, and as best as the court can understand his Motion, those findings would relate to the Polaroid test. However, the

court notes that in its Memorandum of Decision (Doc. No. 101), the court ruled in favor of Redican on the trademark infringement claims to which the Polaroid test would be pertinent. Further, the court notes that in its Memorandum of Decision it ruled for the defendant on the trademark infringement claims based upon the plaintiff's failure to prove an element of a trademark infringement claim unrelated to the element to which the Polaroid test relates. The court ruled in defendant's favor on these trademark infringement claims on the ground that the plaintiff had not shown "use" as required in the statute. Having so ruled, there was no need for the court to address the Polaroid factors. Therefore, the court DENIES defendant Redican's Rule 52(b) Motion (Doc. No. 188).

With respect to his pleading that appears to seek a declaratory judgment and injunctive relief concerning his use of the domain name "CBNO Foxwood.com (CIS)," he appears to be attempting to assert a claim. The court notes that the trial in this case is over, and that the court has issued an opinion deciding the issues raised in the pleading, and judgment has entered thereon. Requests for new relief by parties, or to renew old claims, is untimely. Therefore, this "Motion" as it has been characterized on the docket, in which Redican seeks "declaratory judgment and injunctive relief," is DENIED.

Therefore, the court DENIES Redican's Rule 52(b) Motion (Doc. No. 118) and his Request for Declaratory Judgment and Injunctive Relief (Doc. No. 116).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 2nd day of March, 2006.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge