UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE MASHANTUCKET PEQUOT TRIBE,<br>    Plaintiff<br><br>v.<br><br>RAYMOND REDICAN, JR. d/b/a<br>CBNO FOXWOOD.COM (CIS),<br>    Defendant | :<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>: 3:02-cv-1828 (JCH)<br>:<br>:<br>:<br>: MARCH 15, 2006 |

**ORDER**

By Memorandum of Decision dated November 22, 2005, the court ruled in favor of the plaintiff on counts six and seven of its Complaint, and ordered the defendant to assign the registration of the domain name "FOXWOOD.COM" to the plaintiff upon certain conditions. To date, that transfer has not occurred. The defendant, filing pro se on January 11, 2006 (Doc. No. 107), moved for stay of the Order of transfer. In a motion and memorandum filed on January 31, 2006 before the court permitted his withdrawal, counsel appointed to represent the defendant sought a stay by way of another motion and memorandum.

The court was advised by the plaintiff that, despite its Order, and the offer to pay $689.86 (the out-of-pocket costs identified by plaintiff's counsel as permitted as the condition of transfer in the court's Memorandum of Decision), the court issued an Order to Show Cause on January 18, 2006 (Doc. No. 108). In that Order to Show Cause, the court ordered the defendant to show cause why payment of the $689.86 would not satisfy the condition set forth in the court's Memorandum of Decision, why the court should not order the transfer outright without payment, and finally, why the defendant ought not to be held in contempt for failing to obey the court's Order.

Addressing first the question of transfer, the court finds that the payment of $689.86 does satisfy the conditions set forth in the court's Memorandum of Decision. This amount was outlined in a letter from counsel representing the defendant at the time, and appeared reasonable to the court. Plaintiff accepts them as reasonable.

The defendant's own submission, sent directly to plaintiff's counsel, claims expenses which are not of the sort that the court contemplated in its Order (e.g., furniture ($700), "transportation Doreen's car wear and tear" ($40,000 car plus upkeep), stock certificates ($2,800,000), food, clothing and shelter ($5,000) (Doc. No. 104). These are just some of the costs sought by defendant, which costs are in no way responsive to the court's Ruling permitting reasonable compensation to the defendant for his "out-of-pocket costs in obtaining and maintaining the registration and in assigning the registration." Therefore, the court orders Network Solutions, the registrar for the domain-name registration, to transfer title of the registration to the Mashantucket Pequot Tribal Nation. Such a transfer shall occur within 10 days of plaintiff providing evidence to the registrar of the tender of a bank check in the amount of $689.86 payable to Raymond Redican, Jr. d/b/a CBNO FOXWOOD.COM (CIS). Evidence of the tendering shall be by a certified copy of the check and any covering letter together with evidence that the check was either mailed, registered mail/return receipt, or sent by Federal Express, signature required.[1] Upon being presented with this evidence, the registrar shall, within 10 days, transfer the registration to the plaintiff.

---

[1] If the defendant refuses the mailing, plaintiff shall resend it without signature required.

With regard to defendant's request to Stay the Judgment pending appeal, and thus to stay the transfer of this domain name, the court must address a number of issues under Rule 62(c) of the Fed.R.Civ. P.  Rule 62(c), Fed.R.Civ.P., states,

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. . .

Thus, the district court can properly rule on a motion to stay a judgment where that judgment granted injunctive relief, although the district court's ruling does not limit the power of the Court of Appeals "to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered."  Fed.R.Civ.P. 62(g).

In deciding a motion to stay under Rule 62(c), the court should consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Wright & Miller, Federal Practice and Procedure §2904 (citing, among other cases, Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); e.g., Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1999).  "A stay will be granted if the balance of equities favors this action and when the moving party can demonstrate a substantial likelihood of success on the merits upon appeal.  Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied." Id.

The defendant has not made a "strong showing" that he is likely to succeed on the merits.  While the court ruled in his favor on several counts, the court ruled in the plaintiff's favor on two counts, which led to the judgment containing a mandatory injunction to transfer the domain name.  There is nothing that has been presented by the defendant which would suggest that he is likely to succeed on appeal on those two counts.  The defendant argues that he is likely to succeed on appeal because of the court's "disparity of findings" between the court's finding that the FOXWOOD.COM domain name was "identically or confusingly similar" to the plaintiff's mark FOXWOODS and the court's finding that likelihood of confusion had not been proven.  However, the court's finding with regard to "confusingly similar" rests upon the Second Circuit's decision in <u>Sporty's Farm LLC v. Sportsman Market, Inc.</u>, 202 F.3d 489 (2d Cir. 200). (497, n.11 (applying a different standard in determining "confusingly similar" from the <u>Polaroid</u> standard for "likelihood of confusion."))

Defendant also claims he will likely succeed because this court's finding of bad faith "can be challenged based on defendant's clear actual belief" that he was indeed acting in good faith.  However, the court found that the defendant was not acting in good faith.

The defendant also argues that he will be harmed if a stay is not entered.  The harm claimed is the loss of income from ownership of the cite, and retransfer or alteration of the FOXWOOD.COM web pages.  However, the court has already found there is a basis for the entry of an equitable remedy here.  In other words, there is no adequate remedy at law.  Further, the defendant, who requested appointment of pro bono counsel, clearly does not have the ability to pay any possible money damages

from continued improper use of the website. Therefore, the court concludes that the plaintiff is likely to suffer injury from the continued ownership of the site by the defendant, in that the confusion of the plaintiff's Foxwoods Resort with the Foxwood.com website will continue to damage the plaintiff. Finally, the court finds that the public interest lies in halting the improper use of this website to damage the plaintiff's protected mark though use of a domain name that is confusingly similar to the mark.

Therefore, the court denies the Motion to Stay (Doc. Nos. 107 and 109).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 15th day of March, 2006.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge